## NATIONAL EXCHANGE BANK v. HAHN.

### No. 1078.   Opinion Filed November 14, 1911.

#### Rehearing Denied September 10, 1912.

#### (126 Pac. 554.)

**LANDLORD AND TENANT—Rent—Abandonment by Tenant.** Where a tenant, a national bank, goes into voluntary liquidation under the national banking laws, and abandons leased premises before the expiration of the term of the lease, the landlord is not required to relet for the protection of the tenant, but may, at his election, suffer the premises to remain vacant and recover his rent for the remainder of the term by means of an action on the lease.

(Syllabus by the Court.)

Dunn, J., dissenting.

*Error from District Court, Custer County;*
*James A. Tolbert, Judge.*

Action by Hulda Hahn against National Exchange Bank. Judgment for plaintiff, and defendant brings error. Affirmed.

*George W. Cornell* and *Porter H. Morgan,* for plaintiff in error.

*George S. Pearl* and *George T. Webster,* for defendant in error.

KANE, J.   This was an action commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, to recover rent due according to the terms of a certain written lease.   On a trial before the court, there was judgment for the plaintiff for the full amount claimed, to reverse which this proceeding in error was commenced.

There is no dispute concerning the lease or its terms, and the case turns entirely upon the proper amount of recovery, as a question of law.   It seems that the defendant, a national bank, entered into voluntary liquidation under the national banking laws before the expiration of the time mentioned in the lease,

and, having no further use for the leased premises; which were used as a bank building, vacated the same, and refused to pay rent. Counsel for plaintiff in error in their brief say:

"We wish to impress upon the court that the question in this case is not a question of whether or not the bank could be sued, or whether or not the lease was made, or whether or not the rental is paid, for the bank could be sued, the lease was made, and the rent was not paid; but we contend that the question is one of the measure of damages recoverable for the breach of an executory contract, where the lessee has become totally incapacitated from performing its covenants."

This question seems to be answered by *Higgins v. Street,* 19 Okla. 45; 92 Pac. 155. The syllabus reads as follows:

"If a tenant wrongfully abandons leased premises before the expiration of the term, the landlord may, at his election, at once enter and terminate the contract, and recover the rent due up to the time of abandonment, or he may suffer the premises to remain vacant and sue on the contract for the entire rent, or he may give notice to the tenant of his refusal to accept a surrender, when such notice can be given, and sublet the premises for the unexpired term for the benefit of the lessee to reduce his damages."

In support of this doctrine the court cited with approval Jones on Landlord and Tenant, sec. 549, as follows:

"After an unauthorized abandonment by a tenant, the landlord may, by taking proper precautions, relet to another without creating a surrender by operation of law; but he is not bound to do so. In a recent case it was said: 'The rule sanctioned by the decided weight of authority, if, indeed, there can be said to be a diversity of opinion on the subject, is that the landlord may, in such case, at his election, relet the premises upon the abandonment thereof by the tenant, in which case the measure of his damages will be the agreed rental, less the amount realized on account of such reletting, or he may permit the premises to remain vacant until the end of the term and recover his rent in accordance with the terms of the lease.' Although the landlord may relet for the benefit of the lessee and on his account without releasing him from his undertakings, such acts, if unexplained, would amount to a surrender by operation of law, as in a case where the lessor accepted the surrender."

The recent case referred to by the author is *Merrill v. Willis,* 51 Neb. 162, 70 N. W. 914. It seems to be in point here. In

that case the defendant in error by a written indenture leased to the plaintiff in error certain real estate situated in the city of Blue Springs. The defendant went into possession under said lease and occupied the premises for the period of two months, at the expiration of which time he abandoned the same without Willis' consent. The action was on the lease for the balance of the rent reserved up to the expiration of the term as per the stipulated terms of the lease. The court held:

"A landlord is not, upon the abandonment of the demised premises by the tenant in violation of his contract, required to relet for the protection of the latter, but may at his election suffer the premises to remain vacant, and recover his rent for the remainder of the term by means of an action on the lease."

In delivering the opinion of the court Mr. Chief Justice Post used the language quoted by Judge Jones, *supra*.

The judgment of the court below is affirmed.

TURNER, C. J., and HAYES, J., concur; WILLIAMS, J., absent, and not participating; DUNN, J., dissenting.