**SEA-GATE TIRE & RUBBER CO. v. MOSELEY.**

No. 21887. Opinion Filed Jan. 17, 1933.

H. W. Fielding, for plaintiff in error.

Young & Lykins and John C. Powell, for defendant in error.

McNEILL, J. This action involves a suit to recover damages against a nonresident corporation and the attachment of certain property belonging to it, consisting of automobile tires.

The plaintiff, C. E. Moseley, a sole trader doing business as Sulphur Service Station, alleged in his petition that the defendant, Sea-Gate Tire & Rubber Company, a corporation, with general offices at Cleveland, Ohio, maintained and operated a branch house or place of business in Dallas, Tex., through which said defendant sold plaintiff automobile tires under a guarantee, and

authorized plaintiff to guarantee said tires to his trade; that in many cases the tires proved to be defective, and said company at Dallas, Tex., made adjustments on same; that during the latter part of September, 1928, said branch at Dallas went out of business, and plaintiff had claims for defective tires at that time exceeding the sum of $600, for which he was liable and was unable to get any adjustment therefor from the branch office at Dallas; that plaintiff made demand upon defendant to make adjustment on said loss sustained by him, and upon failure of defendant to do so instituted this action.

The defendant denied that it maintains branch house or place of business at Dallas, Tex.; that said branch was not a part of or in any way connected with said defendant corporation; that plaintiff, through deceit, fraud, and trickery, induced said defendant to ship said property into this state for the purpose of levying an attachment on the same; that such seizure was null and void by reason of said fraud and defects in the service by publication. There are other allegations which we consider immaterial to a determination of the questions involved herein.

At the close of the evidence the court directed the jury to return a verdict in favor of the plaintiff in the sum of $680.40. The defendant seeks a reversal of that judgment, and urges the following propositions:

(1) That the court should not have entertained jurisdiction to try this case.

(2) Defective publication of notice.

(3) That the legal title to the property was in the Midland Bank, and not subject to attachment for claim against the Sea-Gate Tire & Rubber Company.

(4) That the court erred in instructing the jury to return a verdict for the plaintiff.

Many questions present themselves in this record in reference to the regularity of the service by publication and the attachment proceedings, but we limit ourselves to those relevant to the real issues involved.

Defendant, in support of its first proposition, urges that the court should have sustained its motion to quash service by publication. However, the sole ground relied upon in said motion was that plaintiff had practiced fraud and deceit upon defendant in inducing defendant to ship said tires within the jurisdiction of the court so that said plaintiff could have the same attached. The question of the defects, if any, in the service by publication was not raised by said motion. Counsel for defendant apparently relied upon the rule that, where it is made to appear that property is fraudulently induced to be brought into the jurisdiction of the court for purposes of levying a writ of attachment on same, the court, under such circumstances, will refuse to exercise, entertain, or hold jurisdiction of the action. In support of this salutary proposition, the following authorities are cited: 15 C. J. 800, sec. 98; 37 A. L. R. 1255; 7 R. C. L. 1040; and Fitzgerald and Mallary Construction Co. v. Fitzgerald, 137 U. S. 98. We are in accord with this rule. The law does not sanction or lend its aid and assistance in support of an attachment levy upon property accomplished by fraudulent means. See Wm. Cameron & Co. v. Abbott (Tex.) 258 S. W. 565, and the cases cited relative to this question; Atoka Milling Co. v. Groomer, 131 Okla. 58, 268 P. 208.

The court heard evidence on the motion to quash prior to trial of said cause. No objection was interposed to the court determining the issues in said motion without the aid of a jury. The court found those issues in favor of the plaintiff. There is ample evidence in the record to sustain this finding. Defendant, after the overruling of said motion to quash, filed a motion to make plaintiff's petition more definite and certain, and also a demurrer and special demurrer thereto. Defendant, having raised only the question of the court entertaining jurisdiction on account of the alleged fraudulent manner in which such property was attached, and having failed to substantiate this ground, in view of the conclusion we have arrived at in this case, entered its general appearance by its filing said motion to make more definite and certain and said demurrer and thereby waived all defects, if any, in the service by publication, and its exception to the overruling of said motion to quash is unavailing as to it except as to those grounds specifically aforesaid set forth in said special appearance and motion to quash.

In reference to defendant's third proposition, it is sufficient to say that, inasmuch as the defendant, Sea-Gate Tire & Rubber Company, filed its forthcoming bond, and in its answer admits its ownership of the property in question, said defendant cannot now be heard to say that the title to said property was in the Midland Bank of Cleveland, Ohio. We need not consider what right, if any, said bank has in the property so seized. We conclude that the record shows no merit in this proposition.

We have examined the record and find no prejudicial error.

Judgment affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. ANDREWS, J., absent.

Note: See under (1) 7 R. C. L. 1040; R. C. L. Perm. Supp. p. 2125.