J. E. CROSBIE, Inc., v. FISHER et ux.

No. 29442.   Feb. 4, 1941.

*109 P. 2d 1075.*

I. C. Saunders, of Shawnee, and A. B. Carpenter, of Roswell, N. M., for plaintiff in error.

Park Wyatt and Byron Lamun, both of Shawnee, for defendants in error.

PER CURIAM. This action was instituted in the district court of Pottawatomie county by the defendants in error, hereinafter referred to as plaintiffs, against the plaintiff in error, hereinafter referred to as defendant, to recover rentals for the unexpired term of a lease contract.

The defendant, a domestic corporation domiciled in Tulsa county, was served with alias summons in said county by leaving a copy thereof with its vice president. The return of the sheriff negatived the possibility of service being made upon the president or other officers of the corporation. Special appearance and motion to quash for the reason that summons had not been issued, served, and returned as provided by law was overruled. Defendant then filed demurrer on nonjurisdictional as well as jurisdictional grounds, and when this was overruled, filed an answer wherein, after general and specific denial, it sought affirmative relief. Trial was had to a jury, and at the close of all of the evidence both parties moved for a directed verdict. The motion of plaintiffs was sustained and a verdict returned in their favor for the full amount claimed by them. Motion for new trial was overruled, and defendant has perfected this appeal.

The record shows that on July 1, 1936, the defendant leased from the plaintiffs a certain tract of land in Pottawatomie county for a term of five years at an annual rental of $150, and went into

possession of said premises and occupied the same for two years and paid the stipulated rental during the time it occupied said lands, and that it then gave notice of its intention to terminate and abandon the lease on July 1, 1938, and of its intention to pay no further rental thereunder, whereupon this action was instituted.

The defendant makes four contentions which may be thus summarized: (a) The motion to quash summons should have been sustained; (b) the demurrer to the petition of the plaintiffs should have been sustained; (c) that the plaintiffs were not the real parties in interest and had no capacity to maintain the action; and (d) it was error to direct a verdict in favor of plaintiffs.

The special appearance and motion to quash filed by the defendant did not challenge the jurisdiction of the court over either the person of the defendant or the subject matter of the action, but merely attacked the sufficiency of the service of summons which had been had upon it. For this reason the propriety of service upon the vice president cannot be considered, the applicable rule being stated in Ada-Konawa Bridge Co. v. Cargo, 163 Okla. 122, 21 P. 2d 1, as follows:

"Where an action is brought in a county other than that in which the defendant or some one of the defendants resides, or may be summoned, and the court in which the action was brought has a general jurisdiction in that class of cases, the defendant, if he appears therein, must timely plead or answer to the jurisdiction of the court over his person to take advantage of the irregularity or abuse of legal process on him in the court where said action is brought, and the filing of a special appearance and motion to quash on the sole ground that the summons and purported service thereof was not issued, served, and returned according to law and is insufficient to confer jurisdiction on the court, and without specifically raising therein the question of venue or the specific jurisdictional question over his person by reason of the summons not being rightfully issued from the county in which the action is pending to the county of his residence, is not sufficient."

That the petition failed to state a cause of action in favor of plaintiffs is likewise untenable. The petition pleaded the written contract under which the defendant had obtained and gone into possession of the premises and occupied and used the same for two years, and the construction which the parties had placed upon said contract by the payment of the rentals annually as therein provided, and the recognition by the defendant that the contract was one for a term of five years by its attempt to terminate further liability thereunder by giving notice of intention to abandon the property and to pay no further rents; and further pleaded the election of plaintiffs to permit the property to remain unoccupied and to recover on the contract for the remainder of the unexpired term. The allegations so made were sufficient to state a cause of action in favor of plaintiffs, and same was not demurrable.

The next contention of the defendant that the plaintiffs were not the real parties in interest, and therefore were not entitled to maintain the action, was not properly raised in the trial court and comes too late. See Shick v. Enid Clinic, 184 Okla. 484, 88 P. 2d 329. The final contention of the defendant, to the effect that in no event could the plaintiff recover more than one year's rent, is likewise untenable. The plaintiffs had a choice of three remedies, one of which was to permit the property to go unoccupied and to recover the rent for the remainder of the unexpired term of the lease. See National Exchange Bank v. Hahn, 33 Okla. 516, 126 P. 554; Conner v. Warner, 52 Okla. 630, 152 P. 1116; Higgins v. Street, 19 Okla. 45, 92 P. 153.

No reversible error is presented. The plaintiffs have requested and are given judgment against the sureties on the supersedeas bond.

Judgment affirmed.

CORN, V. C. J., and OSBORN, GIBSON, HURST, and DAVISON, JJ., concur.