KASNER et al. v. ASHBURN et al.

No. 33025.    April 20, 1948.

*192 P. 2d 649.*

Arnold T. Fleig, of Oklahoma City, for plaintiffs in error.

Hal Johnson, of Oklahoma City, for defendants in error.

DAVISON, V.C.J.  This is an action in ejectment for the possession of lots in Oklahoma City, for damages because of their detention, and to quiet the title of plaintiffs founded upon a resale tax deed.  The parties will be referred to as they appeared in the trial court.

Edith Wolfson, one of the plaintiffs, purchased the two lots involved at tax resale and was issued a resale deed therefor which was recorded June 18, 1942.  She conveyed the property to the other plaintiff, M. Kasner. This suit was commenced September 24, 1945, against Temple G. Thompson, allegedly claiming some interest by reason of a treasurer's deed; S. L. Routledge, his purported grantee in an unrecorded deed; and Frank Ashburn, who was in possession of the property as tenant of Routledge.  The matter comes here upon appeal from a judgment, rendered when plaintiffs refused to plead further, after an order sustaining a joint general demurrer of the defendants to the fourth amended petition.  The sole

question is whether or not the cause is barred by the statute of limitations under the rule announced in the case of Lane et al. v. Bass, 193 Okla. 682, 146 P. 2d 563; as follows:

"An action brought by the holder of a resale tax deed to quiet title to and obtain possession of the real estate described in the deed is governed by the statute of limitations prescribed by 12 O.S. 1941 §93(3) and must be brought within two years after the date of the recordings of the resale tax deed."

The pertinent parts of the petition applicable to the proposition presented are:

"8. S. L. Routledge was and is a single man and not residing with any member of his family, and was in the military service and absent at all times from the State of Oklahoma, and from the United States since about May, 1942, so that the plaintiff was at all times unable to obtain service on S. L. Routledge and, if suit had been filed, no service could have been procured or action taken by reason of the circumstances aforesaid. By reason of the foregoing, any period of limitations that may have barred the prosecution of this action against S. L. Routledge has not commenced; and, if said period of limitations commenced prior to the time of defendant S. L. Routledge's absence, then same was tolled during his absence.

"9. Had plaintiffs instituted suit against S. L. Routledge, who plaintiffs believe is the owner of said property, not only would plaintiffs have been unable to procure summons, but said suit would have immediately been stayed under the terms of the Soldiers' and Sailors' Civil Relief Act, and, theretofore, the filing of said action would have been a useless procedure."

Section 205 of Soldiers' and Sailors' Civil Relief Act of 1940, as amended, chapter 888, 3rd Session, Public-No. 861, 76th Congress, S. 4270 50 U.S.C.A. Appendix, Sec. 525) provides:

"The period of military service shall not be included in computing any period now or hereafter to be limited by any law . . . for the bringing of any action . . . by or against any person in military service, or by or against his heirs, executors, administrators, or assigns, whether such cause of action . . . shall have accrued prior to or during the period of such service."

If the petition, liberally construed, stated a cause of action enforceable against the defendant Routledge, the demurrer should have been overruled, because, as said in Gilbert v. Welchel, 162 Okla. 133, 19 P. 2d 609:

"A joint general demurrer to plaintiff's petition should be overruled if the petition states a cause of action against any of the parties defendant joining in the demurrer.

"When a petition is attacked by demurrer and objection to the introduction of evidence, the allegations of such petition are admitted for the purpose of considering such attack, and in such consideration the petition must be liberally construed in favor of the plaintiff."

The effect of the above-quoted section of the Soldiers' and Sailors' Civil Relief Act has not heretofore been before this court. However, it has been discussed by the courts of various states. In the case of Blazejowski v. Stadnicki, 317 Mass. 352, 58 N.E. 2d 164, a number of these authorities are collected and commented on. This is the only reported case which our investigation disclosed, wherein the applicability of the act was raised by a party who had not been in the military service. Therein the defendant contended that the act did not authorize a civilian to use the fact of the military service of an adverse party to the prejudice of the latter's civil rights, and that the defendant alone had the right to invoke its provisions to toll the state statute of limitations. The court therein held that in an action for personal injuries sustained when struck by an automobile owned and operated by a member of the United States Army, where action was commenced within one year after defendant's discharge from the Army,

was not barred by the one-year statute of limitations, since under the act the period of defendant's military service was not included in computing period of limitations.

In the instant case, certainly, Routledge was a proper and necessary party under the allegations of the petition. Although the pleading might have been better had the facts been more fully set out, the petition was sufficient to bring the case within the purview of the Federal Act, so as to toll the statute of limitations.

The cause is reversed and remanded, with directions to overrule the demurrer and proceed not inconsistent with the views herein expressed.

HURST, C.J., and RILEY, WELCH, and LUTTRELL, JJ., concur. BAYLESS, CORN, GIBSON, and ARNOLD, JJ., dissent.