SUMMERS et al. v. WILLIAMS.

No. 34820.   March 4, 1952.

*242 P. 2d 139.*

Embry & Sutton, Chandler, and W. A. McDaniel, Seminole, for plaintiffs in error.

Joe Young, Chandler, for defendant in error.

BINGAMAN, J. This is an action brought by Melvin O. Williams against the defendants, Fred C. Summers and Clover Keener, to recover damages caused by the pollution of a small creek or branch by salt water escaping from an oil well owned by Summers, located on an adjoining tract of land. The defendant Clover Keener was the pumper on Summers' lease. The trial court overruled the demurrers to the evidence filed by both defendants, their motions for instructed verdict, and submitted the case to a jury which returned a verdict for plaintiff. Defendants appeal.

The sole question urged by the defendant Summers is whether the district court of Lincoln county acquired jurisdiction over him, he being a resident of Seminole county. Defendants contend that the amended petition, filed by plaintiff, states no cause of action against Keener, but that he was joined and served with summons solely for the purpose of obtaining jurisdiction over Summers, and that because of such fraudulent joinder the trial court never obtained jurisdiction to render a judgment against Summers.

An examination of the record discloses that when plaintiff first filed his petition he made Summers the sole defendant, alleging that he was the owner of the well and that he permitted large quantities of salt water, basic sediment and other poisonous substances to escape and flow into a creek running through plaintiff's land. He alleged damages to his cattle, pecan trees and other timber by reason of such pollution. Thereafter he filed an amended petition in which he joined the defendant Keener, alleging that Keener was hired as a pumper and in addition to alleging the escape of the water from the lease, alleged pumping to the extent that the pits overflowed and permitted the water to run into the creek. These were the sole allegations as against the defendant Keener.

We agree with the defendants that the amended petition did not state a cause of action against the defendant Keener, and in his testimony plaintiff completely absolved Keener from any wrongdoing. It is noteworthy that the amended petition does not charge that Keener had any authority whatever over the lease and well, or any responsibility other than as pumper to pump the well. It is not alleged that he was responsible for the small size of the pits into which the salt water was run or that he had any responsibility or duties whatever in connection therewith, except to pump the salt water from the wells into the pits. As pointed out above plaintiff, in his testimony, absolved him from blame and practically admitted that he was joined solely for the purpose of obtaining service upon the nonresident defendant Summers.

However, examination of the record convinces us that what we have said above does not aid the defendant Summers, but that he appeared and voluntarily submitted himself to the jurisdiction of the court by entering a

general appearance prior to the time he first questioned the jurisdiction of the court. From the record it appears that upon being served with summons Summers appeared by motion and moved the court to quash the summons for the sole reason that it was not issued, served and returned in the form and manner provided by law. This was not sufficient to question the jurisdiction of the court. J. E. Crosbie, Inc., v. Fisher, 188 Okla. 415, 109 P. 2d 1075; Ada-Konawa Bridge Co. v. Cargo, 163 Okla. 122, 21 P. 2d 1. This motion was overruled by the court and thereupon Summers and Keener filed a motion to require the plaintiff to make his petition more definite and certain in certain particulars in the motion stated. This motion was likewise overruled by the court, and thereupon the defendants demurred to the amended petition on the ground that it failed to state facts sufficient to constitute a cause of action, or to entitle the plaintiff to any relief. This demurrer was overruled by the trial court, and thereupon Summers filed his separate answer, in which, for the first time, he alleged that the court was without jurisdiction over him, he being a resident of Seminole county, and served with summons therein, and that his codefendant, Clover Keener, had no interest or liability in the action, was not a proper defendant, and was joined wrongfully for the purpose of evading the proper jurisdiction, and that his joinder gave the court no jurisdiction of the person of Summers. The defendant Clover Keener filed a similar answer alleging that he was merely a servant employed to operate the pumping facilities located at the well and that the sole purpose of joining him was to obtain jurisdiction of the defendant Summers in Lincoln county.

We have held in numerous cases that where a motion is made in which nonjurisdictional questions are presented which can be heard only upon a general appearance, the party filing such motion will be taken to have entered a general appearance and to have waived his objection to the jurisdiction of the court. Bilyeu v. Branson, 86 Okla. 212, 206 P. 898; Jameson v. Harvel, 139 Okla. 39, 280 P. 1080. In the last cited case we said:

"Whether an appearance is general or special does not depend upon the form of the pleading, but upon its substance. If a defendant invokes the judgment of the court upon any question, except that of the power of the court to hear and decide the cause, his appearance is 'general'".

In Sea-Gate Tire & Rubber Co. v. Moseley, 161 Okla. 256, 18 P. 2d 276, the nonresident defendant first filed a motion to quash service upon it by publication upon the ground that it was fraudulently induced to ship property into the state for the purpose of levying an attachment thereon. The trial court overruled this motion. Thereupon the defendant filed a motion to make plaintiff's petition more definite and certain and also filed a general and special demurrer to plaintiff's petition. We held that by filing the motion to make more definite and certain, and the demurrer, the defendant entered a general appearance and waived its objection to the jurisdiction regardless of irregularities and defects in the service by publication. Defendant Summers apparently relies upon the statement in Ada-Konawa Bridge Co. v. Cargo, supra, that the jurisdictional question may be raised in the answer. But a reading of the language used by the court in that case convinces us that the question could be properly raised by answer only if that were the first pleading filed, and could not be raised in the answer where previous motions and demurrers, not raising the jurisdictional question, had been filed and overruled. In that case we said:

"Where defendant is served with a summons in a civil action pending in a county other than that of his residence, and denies the jurisdiction of the court over his person, he must present that question for determination at as early stage in the proceedings as is possible by proper motion, pleading, or

answer, and if he proceeds to the trial of the case and does not in apt time present this single question until the conclusion of the evidence, we are of the opinion that such presentation of this jurisdictional question over his person is not timely, and that said defendant will be regarded as having waived this statutory right or privilege and to have submitted himself to the jurisdiction of the court."

Defendant calls attention to Wilkinson v. Whitworth, 169 Okla. 286, 36 P. 2d 932, apparently as supporting his contention, but in that case, in the first pleading filed by the defendant Wilkinson, she raised the question of jurisdiction. Defendant also cites Forman v. Mississippi Publishers Corp., 195 Miss. 90, 14 So. 2d 344, 148 A. L. R. 469, and other cases from other jurisdictions. We have examined each of these cases and therefrom it appears that in each case the defendant either by a plea in abatement or application for change of venue properly called the attention of the trial court to its lack of jurisdiction.

The conclusion is inescapable that the defendant Summers, by entering a general appearance in the action without first raising the question of the jurisdiction of the court in some appropriate manner, waived the lack of jurisdiction over his person and submitted himself to the jurisdiction of the court. Since he does not in any way question the sufficiency of the evidence or the instructions given by the trial court but relies solely upon the court's lack of jurisdiction, the judgment as to him must be affirmed.

As to the defendant Keener, however, the judgment must be reversed. Neither in the pleadings nor in the evidence is there any suggestion that Keener had any responsibility about the defendant Summers' lease or any authority in connection therewith, but that he was hired solely as a pumper to pump the salt water and oil from Summers' well. In his testimony plaintiff completely absolved Keener from any liability, admitted that he told Keener that he never expected him to pay a cent of the judgment, if he obtained one in the case, and that he made him a party solely to avoid going into Seminole county and suing Summers. He further stated that so far as he knew Keener tried his best to keep anything from running down on plaintiff's land and that he did not blame Keener in any way nor did he think he was entitled to any judgment against Keener.

Had Keener demurred separately to plaintiff's petition we think the trial court would have erred in not sustaining such demurrer, but since he joined in the demurrer wiht Summers, the trial court had no alternative but to overrule the demurrer. Kasner v. Ashburn, 200 Okla. 256, 192 P. 2d 649. We think, however, that the motion of Keener for a directed verdict should have been sustained, and that the trial court erred in overruling it and in submitting the question of Keener's liability to the jury.

Judgment affirmed as to the defendant Summers. Judgment reversed as to the defendant Keener, with directions to the trial court to render judgment for said defendant.

HALLEY, V.C.J., and CORN, DAVISON, JOHNSON, and O'NEAL, JJ., concur.