Sam ZARROW and Henry Zarrow, copartners, d/b/a Sooner Pipe & Iron Company, and also d/b/a Sooner Oil Company, and C. O. Dunn, Plaintiffs in Error,

v.

A. M. HUGHES, Defendant in Error.

No. 36191.

Supreme Court of Oklahoma.

Feb. 23, 1955.

Rehearing Denied April 19, 1955.

Appeal from the District Court of Custer County; W. P. Keen, Judge.

Action by Curtis Hall against Ernest Bartlett and Charles Sheppard for damage to automobile. Judgment for the plaintiff against defendant Sheppard and for the defendant Bartlett. Sheppard appeals. Affirmed.

Pierce, Mock & Duncan and James W. Shepherd, Jr., Oklahoma City, for plaintiff in error.

Meacham, Meacham, Meacham & Meacham, Clinton, for defendant in error, Curtis Hall.

Judgment affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, BLACKBIRD and JACKSON, JJ., concur.

216

John W. Tillman, Fred A. Tillman, Pawhuska, Max G. Cohen, Tulsa, for plaintiffs. in error.

Frank T. McCoy, John T. Craig, Robert P. Kelly, Pawhuska, for defendant in error..

CORN, Justice.

The plaintiff for his cause of action: against the defendants alleged in his petition that he owned a cattle ranch in which· there was located a certain pasture, and· described the pasture, and claimed that during the year 1951 he was taking cattle for pasture, and, but for the wrongful acts of the defendants and each of them would have stocked said pasture and that he had an opportunity to do so. That two of the defendants, Sam Zarrow and Henry Zarrow, during this period of time owned the oil mining leases and that they, together with the defendant C. O. Dunn and other employees, operated said oil mining leases. That they failed and neglected to prevent salt water, oil and other substances from escaping and allowed it to run over the surface of the ground, and certain openings. were exposed to the cattle in the pasture,. and ran into the stock water, and that by reason of the acts of the defendants, and each of them, he was prevented from taking cattle to pasture. That he had an opportunity and contract to do so, and was damaged in the sum of $3,000.

The answer of the defendants was a. general denial.

The case was tried to a jury and it returned a verdict for the plaintiff in the sum of $2,650. The evidence of the plaintiff establishes that he is the owner of a ranch,. a part of which was the "North pasture" which comprised about 1200 to 1400 acres. That in the spring of 1951 he was taking cattle to graze and took 500 head of cattle belonging to Bill Lohman to graze on his. south pasture; that Bill Lohman later contracted with plaintiff, through plaintiff's foreman, Bright Drake, to put 200 head of other cattle in the north pasture at $15 per head for the grazing season of April to October, 1951. That the foreman, Drake, thereafter checked the pasture and found the creek polluted with salt water and oil;

Appeal from the District Court of Osage County; Hugh C. Jones, Trial Judge.

From judgment for plaintiff in action for damages for pollution of stock water defendants appeal. Affirmed.

that he told Lohman about it and after learning of the pollution, Lohman refused to put his cattle in the north pasture. That Sam Zarrow and Henry Zarrow, operating as Sooner Oil Company and Sooner Pipe and Iron Company, were the owners of the oil mining lease within the pasture; that C. O. Dunn was actually in charge of the lease and operating it; that Dunn looked after the production of oil and salt water, and did all the work on the lease; that oil and salt water escaped from the defendants' leases in sections 20 and 21, which were in the north pasture; that oil and salt water leaked out of the stuffing box; that there was a lot of leakage around their wooden tanks; and they had a lot of old pipe that leaked; that complaint was made to Dunn all summer long about the pollution, and Dunn always promised it would be corrected. The salt water and oil flowed over a salt water pond down the hillside into the stream, and stood in pools in the bed of the stream most of the summer of 1951; that the stream was a water supply for cattle in said north pasture; that because of the condition of the pollution, Lohman's cattle were not put to pasture in the north pasture. That the salt water pond was brim full around the middle of August, 1951, when plaintiff took pictures of the conditions existing on the lease in said north pasture, which were introduced in evidence. That defendants, in the middle of August, 1951, long after the contract was broken, started to correct the conditions there existing. That expenses incurred in the caring for the Lohman cattle, if they had been grazing, would have been $50 for salt, and $300 for labor for the six months grazing season.

The defendants say in their brief that the trial court erred in overruling their demurrer to the petition. From an examination of the petition of the plaintiff we hold the trial court did not err in such ruling.

In Pure Oil Co. v. Quarles, 183 Okl. 418, 82 P.2d 970, 975, we held:

"So far as the facts indicate, plaintiffs were in peaceable and undisputed possession of the 2,480 acres; for a

consideration they agreed to let Bozarth occupy and use the pasture. There is no law prohibiting such a contract. If the parties are willing to enter into the same, knowing the existing circumstances, it is enforceable, and disinterested third parties who interfere and wrongfully cause a breach thereof cannot assail the contract by interposing claims or defenses that may be asserted by the parties thereto. Bozarth was willing to perform but for the pollution caused by defendants. This trespass caused the actual damage for which plaintiffs were entitled to judgment as rendered. We must hold, therefore, that the judgment for actual damages is supported by the facts as found."

The defendants in their brief contend that the court had no jurisdiction of the subject matter of the suit as the venue was not in Osage county. This contention is based on the fact that only one of the defendants was a resident of Osage county, C. O. Dunn, who they claimed was a pumper and was not a proper party defendant. As authority for such contention, the defendants cite: Summers v. Williams, 206 Okl. 164, 242 P.2d 139. In that case we find some discussion which seems to be contrary to our holding in this case. To that extent the same is overruled.

As reflected by the evidence the defendant, Dunn, did not own any interest in the producing wells, but was the employee of the other two defendants who did own the wells, and had charge of the operations of the wells and leases for them.

The rule is stated in Franklin Drilling Co. v. Jackson, 202 Okl. 687, 217 P.2d 816, 817, 19 A.L.R.2d 1015, as follows:

"52 O.S.1941, § 296, which provides that no inflammable product, or salt water from any oil or gas well shall be permitted to flow over the land, places a duty upon the owner and the operator of such well of preventing such substances to escape from the well to the premises of others. The statute is a penal one and a violation thereof renders the offenders liable for all damages caused thereby."

In that case we held for violation of section 296, of Title 52 O.S.1951, negligence as a matter of law is imputed and implied to those in charge of the operations, as well as to the owner.

The petition alleged, and the evidence established that the defendant, Dunn, was in charge of the leases and operations thereof when salt water escaped and polluted the stock water.

There are other assignments of error, towit:

"The court erred specifically in the admission of incompetent testimony in the case and in showing throughout the trial of the case his interest in and his prejudice for the plaintiff in the case.

"Error of the court in admitting certain testimony with respect to ownership and title to real estate involved in the case.

"Error of the court in defining certain issues and reiterating statements prejudicial to the defendants."

We have made a careful examination of these last three assignments of error and hold that the trial court did not commit reversible error in his action and holding therein.

In Moses v. Miller, Okl., 268 P.2d 900, we held:

"Under the provisions of Title 22, § 1068, O.S.1951, a cause will not be reversed on account of improper or unwarranted remarks made by the court in the progress of the trial unless from an examination of the entire record it appears that a miscarriage of justice has resulted or that a party has been deprived of a substantial constitutional or statutory right."

Judgment affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, ARNOLD, HALLEY, BLACKBIRD and JACKSON, JJ., concur.

DAVISON, J., dissents.