**CITY OF CLEVELAND, Pawnee County, Oklahoma, a Municipal Corporation, Plaintiff,**

v.

**The Honorable William L. CHEATHAM, Judge of the Superior Court of Creek County, Oklahoma, Drumright Division, Defendant.**

No. 36386.

Supreme Court of Oklahoma.

June 7, 1955.

Jesse J. Worten, Jr., Pawhuska, for petitioner.

Jack B. Sellers, Drumright, for defendant.

DAVISON, Justice.

This is an original proceeding in this court, wherein the plaintiff, The City of Cleveland, Pawnee County, Oklahoma, seeks a writ, prohibiting the defendant, William L. Cheatham, Judge of the Superior Court of Creek County, Oklahoma from proceeding further in an action, pending in said court, in which Vandean Hambright is plaintiff and this applicant and one Guy T. Beale are defendants, because of lack of jurisdiction due to venue.

The facts will be chronologically outlined. On October 20, 1953, in the Superior Court of Creek County, Drumright Division, State of Oklahoma, Vandean Hambright, as plaintiff filed his petition, alleging that, due to an automobile collision in Pawnee County, Oklahoma, on August 11, 1953, and as the proximate result of the negligence of the defendant Guy T. Beale while acting within the scope of his employment as Chief of Police of the other defendant, City of Cleveland, Oklahoma, a municipal corporation, he sustained personal injuries for which he prayed for judgment for damages. The defendant, Beale, was regularly served with summons in Creek County and he filed a motion to quash summons but did not raise the question of venue. Subsequently and after the motion was overruled, he filed answer in the nature of general denial which also did not raise the question of venue.

As to the corporate defendant who is the plaintiff herein, it was served with summons in Pawnee County. Various motions attacking the jurisdiction of the court were filed but, from the standpoint of the issue here presented, we need consider only that, after the filing of an amended petition and amendment thereto on behalf of the plaintiff in the damage suit, the corporate defendant filed a special appearance and motion to quash and objection to the jurisdiction of the court because of venue. That motion was overruled and exceptions duly saved.

The present action has been brought for the purpose of prohibiting further proceedings because of lack of jurisdiction. By 12 O.S.1951 § 133, it is provided that an action against a public officer for an act done by him in virtue, or under color, of his office "must be brought in the county where the cause, or some part thereof arose." Herein, the cause of action as alleged in the petition arose in Pawnee County. Therefore as an original proposition, the venue was in Pawnee County and not in Creek County where the action was filed. We are then confronted with the question of what effect on the rights of the corporate defendant, did the general appearance of the individual defendant have? In the case of Summers v. Williams, 206 Okl. 164, 242 P.2d 139, it was held that an objection to the jurisdiction of the court by reason of venue was not preserved by an exception to the trial court's order overruling a motion to quash summons wherein the question of venue was not specifically raised. Under that rule, the defendant, Beale, waived any objection as to venue when he filed his answer and entered his general appearance. It must be borne in mind that this action does not come within the purview of other sections of the code of civil procedure authorizing the bringing of an action in any county where in service of summons can be had upon any one or more of the defendants. If personal service of summons on one of the defendants not only gave the court jurisdiction over such person but also established the venue of the action, a different situation would be presented. Under such circumstances, the general appearance by Beale would establish venue in Creek County and give the trial court there jurisdiction to proceed in the matter as to the municipality also. But, 12 O.S.1951 § 133, supra is a special statute having exclusive application to the situations therein specifically enumerated. Beale was an agent of the municipality solely because he was one of its officers—

chief of police. He could act within the scope of his authority and employment only in the performance of "an act done by him in virtue, or under color, of his office." Otherwise, although he might be personally liable, there would be no liability on the part of his principal or employer. Therefore, section 133, supra, is the applicable statute.

Now, when the Creek County Court acquired jurisdiction over the person of Beale, the venue of the action was not changed. It was still in Pawnee County but Beale had waived his right to object. We are not cited to any reported case, by the parties here, wherein the factual situation is analogous. Upon independent investigation we find only two. In the case of Wood, Curtis & Co. v. Herman Min. Co., 139 Cal. 713, 73 P. 588, 589, an action was brought on open account against several defendants all being non-residents of the county where the case was instituted. Four of the defendants, after being served with summons, filed proper motions to the effect that, by statute, the venue of the action was fixed in the county of residence of any of the defendants none of which was the county where the action had been filed. The other three defendants, entered their general appearances, waived the venue question and opposed the motion. The court said:

"The language of section 395 requires the action to be tried in the county in which the defendants, or some of them, reside, not where they do not reside. The consent of certain defendants not residing in the county where the action is brought could not take away from other defendants who did not reside there the right to have the cause transferred to the county of their residence. To hold otherwise would be a violation of the provisions of section 395."

In the case of Royal Bank of Canada v. A. McCormick Co., 25 P.R.R. 112, the court was considering an action of debt, the venue of which was, as in California, in the county of residence of the defendant. It had been brought against two defendants in a county other than that where venue lay. It was there held:

"When a personal action of debt is brought against only one defendant in a district other than that of his residence and he fails to move in due form for its transfer to the proper district, the court has jurisdiction of the action; but when the action is brought against two defendants who are residents of a district other than that in which the action was begun, a change of venue to the proper district should be granted on the motion of only one of them although the other makes no such motion. Neither the submission of one nor even his express consent that the court continue its jurisdiction of the case can deprive the other of his right under the law to have the case tried at the place of residence of both."

The reasoning in the quoted cases is logically sound. The fact that one of several defendants submits to the jurisdiction of the court does not change the venue of the cause of action. It is merely a waiver of that defendant's personal right to demand a trial of the case in the county where the venue is fixed by statute. Herein, the allegations of the petition are to the effect that the cause of action arose in Pawnee County. Being an action against a public officer for an act done in virtue of his office, 12 O.S.1951 § 133 fixed the venue in that county. When the case was filed in Creek County, each defendant had a right to object, that right being personal to the respective defendants. When Beale appeared generally without first objecting to jurisdiction of the court because of venue, he waived his right but that could have no effect on the co-defendant, the City of Pawnee. That entry of appearance did not change the venue as fixed by statute. The municipality had the right to object which it did in proper manner at all stages possible. Its motion should have been sustained.

When the trial court attempted to exercise jurisdiction which it had not obtained over the defendant, two courses were open

to it for protection. Proper exceptions being saved, the City could have awaited final judgment and then appealed. Or, it could have, as it did, apply to this court for relief.

 "We are committed to the rule that prohibition is the proper remedy to prevent a court from trying a case of which it lacks jurisdiction because the venue is in another county. Mills v. District Court of Lincoln County, 187 Okl. 247, 102 P.2d 589." State ex rel. Gaines v. Beaver, 196 Okl. 560, 166 P.2d 776, 780.

The writ is granted and is hereby ordered issued.

JOHNSON, C. J., WILLIAMS, V. C. J., and HALLEY and JACKSON, JJ., concur.

CORN and BLACKBIRD, JJ., dissent.