S. L. ROSE and Mary Dean Rose, Plaintiffs in Error,

v.

A. R. WALKER and Mae Walker, Defendants in Error.

No. 39876.

Supreme Court of Oklahoma.

Feb. 19, 1963.

Rehearing Denied April 9, 1963.

Wheeler & Wheeler, John M. Wheeler, John Wheeler, Jr., Max F. Feldner, Tulsa, for plaintiffs in error.

John M. Gephart, Wagoner, for defendants in error.

JACKSON, Justice.

In the trial court, plaintiffs Walker sued defendants Rose in an ordinary mortgage foreclosure action. The subject matter of the action was within the jurisdiction of the court. Defendants were non-residents of the State of Oklahoma, and service of process was by publication notice. The allegations necessary to support service by publication notice were included within the body of the verified petition, as authorized by statute, and there was no separate affidavit for publication.

Plaintiffs recovered judgment and decree of foreclosure and a foreclosure sale was had and confirmed. Thereafter plaintiffs filed a motion for leave to enter deficiency judgment which was sustained, and a judgment for the amount of the deficiency was entered. This appeal is from the latter judgment.

The question presented is whether the deficiency judgment was authorized in this case. Since service of process was by publication notice, and no formal entry of appearance was made by defendants, we must examine defendants' pleadings to determine whether they amounted to a general entry of appearance, or were sufficient to constitute a waiver of the question of the jurisdiction of the court over their persons.

■ Defendants' first pleading was entitled "Special Appearance, Objection to Jurisdiction and Motion to Quash". It was properly overruled, since the service by publication notice was sufficient to authorize the court to enter a foreclosure decree. However, this pleading did specifically call the court's attention to the matter of its lack of jurisdiction over the person of the defendants, in the following language:

"SPECIAL APPEARANCE, OBJECTION TO JURISDICTION AND MOTION TO QUASH.

"Come now the defendants, S. L. Rose and Mary Dean Rose, appearing specially and for the purpose of this

motion only, *and object to the jurisdiction of this Court over the person of these defendants* and move the Court to quash, set aside and hold for naught the purported publication service issued herein *upon the grounds and for the reason the same is not issued, served and published according to law."* (emphasis supplied)

The next pleading by defendants was an ordinary general demurrer to the petition upon the ground that it failed to state a cause of action against defendants. It was overruled.

Defendants thereafter filed their answer in which they raised an affirmative defense (payment) but did not ask for affirmative relief.

Defendants did not appear at the trial. After the foreclosure decree, foreclosure sale and confirmation thereof, plaintiffs filed their motion for leave to enter deficiency judgment.

Defendants then filed a "Response to Motion for Leave to Enter Deficiency Judgment" in which the matter of the court's lack of jurisdiction over the persons of defendants was again relied upon. Plaintiffs' motion was sustained, deficiency judgment was entered, and defendants appeal to this court.

Defendants argue in effect that under the circumstances existing in this case, the court did not have jurisdiction over the persons of defendants and was therefore without authority to enter a personal judgment against them.

■ Plaintiffs do not deny that jurisdiction over the persons of defendants is necessary to support a personal judgment, but argue under two propositions that the personal judgment was proper in this case.

■ The first proposition is that defendants did not present or raise the jurisdictional question in the trial court, and have therefore waived it on appeal. In support of this argument, plaintiffs cite Sea-Gate Tire & Rubber Co. v. Moseley, 161 Okl.

256, 18 P.2d 276, Ada-Konawa Bridge Co. v. Cargo, 163 Okl. 122, 21 P.2d 1, and J. E. Crosbie, Inc. v. Fisher, 188 Okl. 415, 109 P.2d 1075. An examination of these cases will reveal that if a defendant in his motion to quash seeks to raise a question of the venue of the court, or that the court has no jurisdiction over the person of the defendant, he must insert something in his motion to quash that will challenge the attention of the court to the jurisdictional question. A simple allegation that a summons was not issued, served and returned according to law, generally speaking, is in the nature of a demurrer to the summons and puts in issue only those defects which appear upon the face of the summons and the service and return thereof.

■ In the instant case the defendants "object to the jurisdiction of this (trial) court over the person of these defendants * * * upon the grounds and for the reason the same is not issued, served and published according to law." It is noticed that this "Special Appearance, Objection to Jurisdiction and Motion to Quash" does not specifically attack the jurisdiction of the court to enter a judgment in rem. Taken as a whole the objection is to the court's jurisdiction to render a judgment in personam. In light of this fact and the further fact that defendants were residents of California, as shown by plaintiffs' petition and affidavit of mailing, it becomes apparent that publication service was not sufficient to confer jurisdiction over the persons of the defendants, and was insufficient to authorize a deficiency judgment in personam.

■ Plaintiffs' second proposition is that "the failure of the defendants to reserve exceptions to the orders of the district court in overruling the motion to quash and the demurrer constituted a general appearance by the defendants". They cite authority in support of the well established general rule that where a party fails to except to alleged errors of the trial court, such errors will not be considered on appeal.

They further argue that defendants' failure to except in this case is not excused under 12 O.S.1961 § 630, because they "failed in any manner to make known to the court" their objection, citing Layton v. Purcell, Okl., 267 P.2d 547. With that we do not agree. Defendants here specifically mentioned and relied upon the jurisdictional question in both their first and last pleadings (the special appearance and the response).

Plaintiffs also suggest that by filing an answer which included an affirmative defense defendants entered a general appearance and waived the jurisdictional question.

This argument cannot be sustained. See Osborn v. White Eagle Oil Company, Okl., 355 P.2d 1041, wherein this court said on this question at page 1045 of the Pacific Reporter:

"* * * It is only when a defendant makes a demand for relief for which he might maintain an action independent of plaintiff's claim and on which he might proceed to recovery even though plaintiff abandoned his cause of action or failed to establish it that a defendant has demanded affirmative relief which would invoke the jurisdiction of the court and waive the special appearance. * * *"

See also the annotation on this general subject at 93 A.L.R. 1302.

We hold that a mere affirmative defense, in an answer which does not otherwise request affirmative relief, does not constitute such an entry of appearance as to waive defendants' objections to the jurisdiction of the court.

Since the only service of process in this case was by publication notice; and since defendants did not waive their objection to the jurisdiction of the court, and did not make such a general entry of appearance as to amount to such a waiver, the trial court was without jurisdiction to enter the deficiency judgment.

The judgment is reversed.