891 So.2d 831 (2005)
Yoshinobu NAMIHIRA, M.D.
v.
Cinder Louise BAILEY.
No. 2003-M-02479-SCT.
Supreme Court of Mississippi.
January 20, 2005.
Clifford C. Whitney, III, Vicksburg, attorney for petitioner.
Ron M. Feder, Gulfport, T. Roe Frazer, II, Jackson, attorneys for respondent.
EN BANC.
DICKINSON, Justice, for the Court.
¶ 1. Before this Court is a petition for interlocutory appeal from an order issued by the Claiborne County Circuit granting a change of venue. The only plaintiff proceeding to trial, Frances Fleming, filed suit in her home county of Claiborne, against Johnson & Johnson, Inc., and Janssen Pharmaceutica, Inc., both foreign corporations who manufacturer the drug, Propulsid and Yoshinobu Namihira, M.D., a resident of Warren County.
¶ 2. On July 11, 2003, the plaintiff requested a transfer of venue to Hinds *832 County, claiming the inability to seat an impartial jury in Claiborne County. Dr. Namihira agreed with the plaintiff's assertion that an impartial jury could not be seated in Claiborne County, but requested that the action be transferred to Warren County, where he lives and practices medicine, rather than Hinds County, which has no connection to the matter.
¶ 3. The circuit judge granted the plaintiff's motion to transfer venue to Hinds County, overruling Dr. Namihira's request for transfer to Warren County. Dr. Namihira filed a petition for interlocutory appeal of that order. This Court, sitting en banc, finds the interlocutory appeal should be granted, and further finds the issue raised is a matter of first impression under Mississippi law, and should be determined by written opinion, rather than order.
¶ 4. This case is proceeding to trial on the claim of Frances Fleming, a resident of Claiborne County. The defendants are Johnson & Johnson and Janssen, both of which are foreign corporations with their principal places of business outside of Mississippi, and Dr. Namihira, who is a resident of Warren County. Dr. Namihira's treatment of Fleming occurred in Warren County.
¶ 5. We note that this civil action should have been filed in Warren County which, according to the information before us, is the only county of appropriate venue. The general venue statute at the time this suit was filed  which this Court has endorsed and approved for many years  provided as follows:
(1) Civil actions of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant or any of them may be found or in the county where the cause of action may occur or accrue, and if the defendant is a domestic corporation, in the county in which said corporation is domiciled or in the county where the cause of action may occur or accrue, except where otherwise provided.
Miss.Code Ann. § 11-11-3(1) (Supp.2001) (emphasis added).
¶ 6. Warren County is the only county in Mississippi in which a defendant resides. If that was true at the time the suit was originally filed, the suit should have been filed in Warren County.[1] The statute provides that the suit "shall be commenced" in the county where the defendant resides or the alleged act or omission occurred. The permissive language, "may also be commenced in the county in which the plaintiff resides" applies only where there is no resident defendant. Since Dr. Namihira is a resident defendant, this suit should have been brought in his home county of Warren. However, Dr. Namihira did not raise this issue. Instead, he asks us to order a transfer of venue to Warren County based on Miss.Code Ann. § 11-11-51, which provides:
When either party to any civil action in the circuit court shall desire to change the venue, he shall present to the court, or the judge of the district, a petition setting forth under oath that he has good reason to believe, and does believe that, from the undue influence of the adverse party, prejudice existing in the public mind, or for some other sufficient cause to be stated in the petition, he cannot obtain a fair and impartial trial in the county where the action is pending, and that the application is made as soon as convenient after being advised of such undue influence, prejudice, or other *833 cause, and not to delay the trial or to vex or harass the adverse party. On reasonable notice in writing to the adverse party of the time and place of making the application, if made in vacation, the court, if in term time, or the judge in vacation, shall hear the parties and examine the evidence which either may adduce, and may award a change of venue to some convenient county where an impartial trial may be had, and, if practicable, in which the circuit court may next be held. If made in vacation, the order shall be indorsed on the petition and directed to the clerk, who shall file the same with the papers in the suit.
Miss.Code Ann. § 11-11-51 (emphasis added).
¶ 7. The circuit judge found the Second Judicial District of Hinds County to be "convenient." We are not told his reasons, but they may have included the close proximity of Hinds County or the fact that two of the attorneys involved have law offices in Hinds County. Absent a resident defendant, both these factors are reasonable considerations. However, transfer of venue to a "convenient county" must always be made, if possible, to a county where the case could be commenced.
¶ 8. In cases which should be transferred "in the interest of justice and for the convenience of the parties and witnesses," upon motion of one of the parties  or upon the court's own motion  a more convenient county "of proper venue" may be designated by the trial court. Miss. R. Civ. P. 82(e). This forum non conveniens provision is new to Mississippi civil practice and applies to civil actions filed after its adoption on February 20, 2004. Following this Court's adoption of Rule 82(e), the Legislature enacted Miss.Code Ann. § 11-11-3(4)(a), which is substantially similar to Rule 82(e). The statute lists the following factors to be considered by the trial court in determining "convenience,":
(i) Relative ease of access to sources of proof;
(ii) Availability and cost of compulsory process for attendance of unwilling witnesses;
(iii) Possibility of viewing of the premises, if viewing would be appropriate to the action;
(iv) Unnecessary expense or trouble to the defendant not necessary to the plaintiff's own right to pursue his remedy;
(v) Administrative difficulties for the forum courts;
(vi) Existence of local interests in deciding the case at home; and
(vii) The traditional deference given to a plaintiff's choice of forum.
¶ 9. We find these factors to be helpful, not only in the resolution of a motion for transfer of venue for forum non conveniens, but also where, as here, the action must be transferred due to the inability to seat a fair jury. However, in the case sub judice, the trial court would not even reach an evaluation of the factors, since both Rule 82(e) and Miss.Code Ann. § 11-11-3(4)(a) require transfer to a county of proper venue which, here, would be Warren County. We note parenthetically that, where an action must be transferred, and there is no other county of proper venue, the same factors should be considered, giving heavy weight to the first and third factors.
¶ 10. For the reasons stated herein, we grant the petition for interlocutory appeal, reverse the order of the Circuit Court of Claiborne County, and remand this case for a transfer to the Circuit Court of Warren County.
*834 ¶ 11. PETITION FOR INTERLOCUTORY APPEAL GRANTED; REVERSED AND REMANDED.
SMITH, C.J., WALLER AND COBB, P.JJ., AND CARLSON, J., CONCUR. GRAVES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. EASLEY, J., DISSENTS WITH SEPARATE WRITTEN OPINION. DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING.
EASLEY, Justice, Dissenting:
¶ 12. Interpretation of Miss.Code Ann. § 11-11-51 is the issue before this Court in the petition for interlocutory appeal. Miss.Code Ann. § 11-11-51 applies when venue was proper in the county that the case was commenced but an impartial trial can not be seated. As I believe that the majority has misconstrued and misapplied Miss.Code Ann. § 11-11-51, I must respectfully dissent.
¶ 13. The plaintiffs filed an action in Claiborne County against the manufacturers of Propulsid, Johnson & Johnson and Janssen Pharmaceutica, Inc., and Yoshinobu Namihira, M.D. The plaintiffs filed a motion to transfer venue based on the inability to seat an impartial jury and requesting a transfer to Hinds County.
¶ 14. The case is proceeding to trial only on the claim of one plaintiff, Frances Fleming, who is a resident of Claiborne County. Dr. Namihira filed a response, in which he agreed with the transfer of venue, but he requested that the action be transferred to Warren County, where he resides and has his principal place of business.
¶ 15. The circuit court granted the motion to transfer venue, overruled the objection by Dr. Namihira to any venue other than Warren County, and transferred the case to the First Judicial District of Hinds County. The circuit court transferred venue under Miss.Code Ann. § 11-11-51 which states:
When either party to any civil action in the circuit court shall desire to change the venue, he shall present to the court, or the judge of the district, a petition setting forth under oath that he has good reason to believe, and does believe that, from the undue influence of the adverse party, prejudice existing in the public mind, or for some other sufficient cause to be stated in the petition, he cannot obtain a fair and impartial trial in the county where the action is pending, and that the application is made as soon as convenient after being advised of such undue influence, prejudice, or other cause, and not to delay the trial or to vex or harass the adverse party. On reasonable notice in writing to the adverse party of the time and place of making the application, if made in vacation, the court, if in term time, or the judge in vacation, shall hear the parties and examine the evidence which either may adduce, and may award a change of venue to some convenient county where an impartial trial may be had, and, if practicable, in which the circuit court may next be held. If made in vacation, the order shall be indorsed on the petition and directed to the clerk, who shall file the same with the papers in the suit.
(emphasis added). The circuit court's decision was proper under Miss.Code Ann. § 11-11-51 which clearly allows the trial judge to transfer venue to some convenient county.
¶ 16. The key distinction here is that the plaintiff already had proper venue under the general venue statute in Claiborne County. The plaintiff was not required as asserted by the majority to only *835 file in Warren County. Miss.Code Ann. § 11-11-3(1) provides:
Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant resides or in the county where the alleged act or omission occurred or where the event that caused the injury occurred. Civil actions against a nonresident may also be commenced in the county where the plaintiff resides or is domiciled. Civil actions alleging a defective product may also be commenced in the county where the plaintiff obtained the product.
¶ 17. Here, the defendant's do not make any argument regarding improper joinder, nor do they argue that venue was improper in Claiborne County. In fact, the defendants admitted that venue was proper in Claiborne County. The plaintiff is the party that sought transfer from Claiborne County. This is not a case of improper venue or forum non conveniens.
¶ 18. The plaintiff's motion to transfer was based on the inability to seat an impartial jury in Claiborne County. Therefore, we are concerned here only with the application of Miss.Code Ann. § 11-11-51 to transfer the case to a convenient county where an impartial trial may be held, not a county where venue would have originally existed. Here, the requirements of Miss.Code Ann. § 11-11-3 were already satisfied by the plaintiff in filing the action in Claiborne County.
¶ 19. Since the majority references this Court's recent decision in Capital City Ins. Co. v. G.B. "Boots" Smith Corp., 2004 WL 2403939 (Miss.2004) (Boots Smith), to bolster the position that Warren County is the only county with proper venue in this case, I will also briefly address our holding in Boots Smith. The majority's reliance on Boots Smith is misplaced. First, in the case sub judice, the petitioners admitted that Claiborne County was the proper county for venue. Second, in Boots Smith, Smith sued Capital City, a non-resident defendant, and Wicker, a resident defendant, under the former Miss.Code Ann. § 11-11-7 which established venue for suits against foreign insurance companies. Pursuant to Miss.Code Ann. § 11-11-7, Boots Smith filed suit in Jones County, the place of residence for Boots Smith Corporation, the plaintiff, even though the cause of action arose in Scott County and Wicker lived in Newton County. Miss.Code Ann. § 11-11-7 provided that when a foreign insurance company, such as Capital City which was a South Carolina resident, is party to a lawsuit then the plaintiff may file suit in his home county.
¶ 20. This Court determined that the "shall" language in Miss.Code Ann. § 11-11-3 for the general venue statute had precedence over the "may" language of Miss.Code Ann. § 11-11-7. Therefore, this Court found that either Scott County, where the actions or omission occurred, or Newton County, where Wicker as a resident defendant resided, were the proper counties for venue.
¶ 21. Alternatively, even ignoring the fact that the petitioners here did not challenge venue in Claiborne County, Fleming is assumed to have taken the medication in Claiborne County. Therefore, the alleged acts or omissions occurred in Claiborne County which makes venue proper in Claiborne County. As it so happens, Claiborne County is also the county where Fleming resides. Nevertheless, Claiborne County is a proper county for venue and filing suit pursuant to Miss.Code Ann. § 11-11-3.
¶ 22. The majority incorrectly states that Warren County is the only proper county for venue. Even the majority opinion in Boots Smith stated that either Scott County, where the acts or omissions occurred, *836 or Newton County where Wicker the resident defendant resided were appropriate counties. Further, the petitioners in this case admitted that Claiborne County was the correct county for venue.
¶ 23. But a discussion of Boots Smith and whether Claiborne County was a proper venue is not the issue before us on interlocutory appeal. The key here is that we are considering the application of Miss.Code Ann. § 11-11-51, not determining the county where the action could have been originally commenced. The motion to transfer was based on the inability to seat an impartial jury, not improper venue. The language of Miss.Code Ann. § 11-11-51 does not require a trial judge to transfer the case to a county where the case could be originally commenced.
¶ 24. Miss.Code Ann. § 11-11-51 does not limit a transfer to a county proper under some other statute. The portion of § 11-11-51 cited previously says "if practicable" venue should be changed to a convenient county "in which the circuit court may next be held." This statement is a clear indication that the trial judge would not have to go back to the general venue statute to determine another county where venue would be proper. Miss.Code Ann. § 11-11-51 does not reference application of some other statute for a trial judge to accomplish transfer.
¶ 25. Miss.Code Ann. § 11-11-51 states that transfer should be to a county within the same circuit, if practicable. In this case, the other counties within the circuit with Claiborne are Copiah and Jefferson. Neither the plaintiff nor the defendants have any connection to Copiah or Jefferson counties, yet the statute states that either would be proper if practicable as well. However, none of the parties argued that the case should be transferred to Copiah or Jefferson County. The only requirement set out in the statute that must be met is that the county be convenient and where an impartial trial may be had.
¶ 26. Venue was proper in Claiborne County based on the language of Miss.Code Ann. § 11-11-3(1). However, pursuant to Miss.Code Ann § 11-11-51, the circuit court allowed a change of venue to a convenient county where an impartial trial may be had and transferred the case to the First Judicial District of Hinds County. Hinds County is geographically adjacent to Claiborne County.[2] There is nothing offered to support that the parties could not receive an impartial trial in Hinds County.
¶ 27. Miss.Code Ann. § 11-11-51 does not state that the transfer can only be to a county requested by one of the parties. It provides only that the trial judge "may award a change of venue to some convenient county where an impartial jury may be had." The circuit court's decision to transfer the case to the First Judicial District of Hinds County was proper pursuant to Miss.Code Ann. § 11-11-51. Therefore, I would deny the petition for interlocutory appeal.
NOTES
[1] See Capital City Ins. Co. v. G.B. "Boots" Smith Corp., 889 So.2d 505, 516, 2004 WL 2403939, at *12 (Miss.2004), overruling Senatobia Cmty. Hosp. v. Orr, 607 So.2d 1224 (Miss.1992), on this issue.
[2] The petitioners also appear to take issue with the transfer being to the first judicial district rather than the second judicial district.