607 So.2d 1224 (1992)
SENATOBIA COMMUNITY HOSPITAL, John Larry Black, M.D., Grady Marlow, M.D., and Roberta Chilimigras, M.D.
v.
Wayne S. Orr, Administrator of the Estate of Tarrance Davis, Deceased, and as Representative of the Wrongful Death Beneficiaries of Tarrance Davis, Deceased.
No. 90-IA-0950.
Supreme Court of Mississippi.
October 8, 1992.
*1225 S. Duke Goza, Hickman Rayburn & Goza, H. Scot Spragins, Sumners Hickman & Rayburn, Oxford, and Clifford B. Ammons, Mildred M. Morris, and Kathy D. Patrick, Watkins & Eager, Jackson, for appellants.
John H. Cocke and Cynthia I. Mitchell, Merkel & Cocke, Clarksdale, for appellees.
Before ROY NOBLE LEE, C.J. and PITTMAN and McRAE, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
The Circuit Court of Tunica County, Mississippi, denied the appellants' motion for change of venue to Tate County, Mississippi, in this malpractice case. The appellants contend that venue should have been changed pursuant to Miss. Code Ann. § 11-11-3 (Supp. 1992), while the appellees argue that venue was proper in Tunica County under Miss. Code Ann. § 11-11-11 (1972). The question raised is one of first impression under the facts, and this Court granted an interlocutory appeal.

FACTS
On July 10, 1986, Mary L. Davis was admitted to the Senatobia Community Hospital in labor, under the care of the appellants, Drs. John Larry Black and Roberta Chilimigras. Davis gave birth to baby Tarrance, who sustained brain damage at delivery. Tarrance was immediately flown to LeBonheur Children's Hospital in Memphis, Tennessee, for treatment where he remained for one and one-half (1 1/2) years except for one day when he was discharged to his mother in November, 1986. On that day, Mary Davis took Tarrance to her mother's home in Helena, Arkansas, where Mary had been living. Several hours after their arrival in Helena, Tarrance became ill, necessitating his transport via ambulance back to LeBonheur, where he stayed until his eventual death on January 15, 1988. His body was taken to Tunica County, Mississippi, and buried.
The complaint charged negligence on the part of the appellants in the birth of Tarrance and that such negligence caused the death of the child. Wayne S. Orr qualified as an administrator of the estate of Tarrance Davis under order of the Tunica County Chancery Court. Orr brought suit as representative of the estate and the wrongful death beneficiaries of Tarrance Davis who were his mother, Mary Louis Davis, and his siblings, Kenny Davis, Rick O. Davis, and Andrew Davis, all residents of Tunica County, Mississippi. At the time the complaint was filed, Dr. Roberta Chilimigras was a resident citizen of the State *1226 of Louisiana. The remaining appellants/defendants were residents of Tate County, Mississippi.
ISSUES
I. WHETHER IN THIS ACTION, VENUE IS PROPER IN TUNICA COUNTY, MISSISSIPPI, WHEN THE CAUSE OF ACTION ACCRUED IN TATE COUNTY, MISSISSIPPI, AND ALL DEFENDANTS WERE, AT THE TIME THE CAUSE OF ACTION ACCRUED, RESIDENTS OF TATE COUNTY, MISSISSIPPI.
II. WHETHER THE FACT THAT DR. CHILIMIGRAS HAS SUBSEQUENTLY BECOME A NONRESIDENT OF THE STATE OF MISSISSIPPI PERMITS VENUE IN TUNICA COUNTY, MISSISSIPPI, WHEN ALL REMAINING DEFENDANTS CONTINUE TO BE RESIDENTS OF TATE COUNTY, MISSISSIPPI.
III. WHETHER MISS. CODE ANN. § 11-11-11 (1972) MAY BE CITED TO ESTABLISH VENUE IN TUNICA COUNTY, MISSISSIPPI, WHEN LETTERS OF ADMINISTRATION WERE IMPROPERLY ISSUED IN TUNICA COUNTY.

I. & II.
Issues one and two cover the question of whether or not venue in the present action is proper in Tunica County when the appellants were residents of Tate County at the time the cause of action accrued, but at the time the complaint was filed, one of those defendants, i.e., Dr. Chilimigras, had moved to, and became a resident of, the State of Louisiana.
For their position that the venue in this action is Tate County rather than Tunica County, the appellants rely upon Miss. Code Ann. § 11-11-3 (Supp. 1992) which provides:
Civil actions of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant or any of them may be found or in the county where the cause of action may occur or accrue ... If a civil action is brought in an improper county, such action may be transferred to the proper county pursuant to section 11-11-17.
On the contrary, the appellees rely upon Miss. Code Ann. § 11-11-11 (1972) which provides:

All civil actions for the recovery of damages brought against a nonresident or the representative of the nonresident in the state of Mississippi may be commenced in the county in which the action accrued or where the plaintiff then resides or is domiciled, except as otherwise provided by law.
(emphasis added). The appellees also cite M.R.C.P. Rule 82(c).
In Blackledge v. Scott, 530 So.2d 1363 (Miss. 1988), the Court held that "[i]n suits involving multiple defendants, where venue is good as to one defendant, it is good as to all defendants." Id. at 1365.
The question is elementary that where there are multiple defendants and they live in different counties, venue is proper in the county where one of the defendants resides. Likewise, if one of the defendants is a nonresident of the State, the plaintiff may bring suit against the nonresident in the county of plaintiff's residence. Jurisdiction and venue of that nonresident defendant makes the county of plaintiff's residence the proper venue against all resident defendants, even though they may live in different counties. Mississippi cases on this question are few, evidently because of the clarity of the statutes and the simplicity of the question.
Corpus Juris Secundum states the general law with reference to venue at the time of filing suit as follows:
Residence within the meaning of venue statutes means residence at the time the suit is instituted.
92 C.J.S. Venue § 111, at 815 (1955). Likewise, American Jurisprudence states:
When suit for personal injuries in the county of the residence of a party is authorized, it is enough that the party resides in the county where suit is brought at the time of the institution of suit; it is not necessary that he should *1227 have resided in the county at the time of the injury.
77 Am.Jur.2d, Venue § 30, at 872 (1975).
The Courts of Florida, Tennessee and Georgia have followed that principle. Valle v. Mador, 478 So.2d 416, 417 (Fla. App. 3rd Dist. 1985); Northcott v. Holloway, 225 Tenn. 141, 145, 464 S.W.2d 551, 553 (1971); Edwards v. Edmondson, 173 Ga. App. 353, 326 S.E.2d 550, 552 (1985); Franek v. Ray, 239 Ga. 282, 236 S.E.2d 629, 632 (1977). See Mandelbaum v. Mandelbaum, 151 A.D.2d 727, 542 N.Y.S.2d 791, 792 (1989); Pintlar Corp. v. Bunker Ltd. Partnership, 117 Idaho 152, 155, 786 P.2d 543, 546 (1990).
We are of the opinion that issues one and two should be, and are, resolved against the appellants and the lower court is affirmed on those issues.

III.
Issue number three states that letters of administration were improperly issued in Tunica County and that § 11-11-11 may not establish venue in that county.
We are of the opinion that there is no merit in this issue, and do not address same. The domicile of the deceased child's mother, Mary Davis, is the domicile of the child. Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S.Ct. 1597, 1608, 104 L.Ed.2d 29, 46 (1989). We note that the deposition of Mary Davis reflects that her residence is Tunica County, Mississippi, and that the residence of the siblings of the deceased child is Tunica County. The suit was brought on behalf of the administrator of the estate of Tarrance Davis, deceased, and as the representative of all wrongful death beneficiaries of Tarrance Davis, deceased.
The judgment of the lower court is affirmed.
AFFIRMED.
DAN M. LEE, P.J., and PRATHER, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
HAWKINS, P.J., dissents with separate written opinion.
ROBERTS, J. not participating according to Supreme Court Internal Rules.
HAWKINS, Presiding Justice, dissenting:
I dissent. For the reasons stated in the dissent in City of Mound Bayou v. Johnson, 562 So.2d 1212, 1220 (Miss. 1990), I would dismiss the appeal for lack of jurisdiction.