# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-IA-00526-SCT

*BAPTIST MEMORIAL HOSPITAL-DESOTO INC.*
*AND DR. WINSTON CRAIG CLARK*

*v.*

*JAMES BAILEY*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/27/2004 |
| TRIAL JUDGE: | HON. KENNETH L. THOMAS |
| COURT FROM WHICH APPEALED: | QUITMAN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | WALTER ALAN DAVIS |
| | JOHN H. DUNBAR |
| | MACEY LYND EDMONDSON |
| | SHELBY KIRK MILAM |
| | S. DUKE GOZA |
| ATTORNEY FOR APPELLEE: | JENNY M. VIRDEN |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 06/02/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**EASLEY, JUSTICE, FOR THE COURT:**

### PROCEDURAL HISTORY

¶1.     Prior to trial of this medical malpractice case, defendant Baptist Memorial Hospital-DeSoto Inc. (BMH) filed a motion to transfer venue on October 7, 2003, which sought to have the Circuit Court of Quitman County transfer venue to the Circuit Court of DeSoto County. BMH subsequently filed a supplement to its objection to venue.  Defendant Dr. Winston Craig Clark filed a joinder in BMH's objection to venue and adopted BMH's supplement to its

objection to venue. The plaintiff, James Bailey, is a resident citizen of Crowder, Quitman County, Mississippi. BMH is a Mississippi corporation with its principal place of business in Southaven, DeSoto County, Mississippi. Dr. Clark is a resident citizen of Memphis, Shelby County, Tennessee. The trial court denied the motion for change of venue to DeSoto County.

¶2. However, the trial court in a separate order granted BMH's request for permission to file an interlocutory appeal to this Court pursuant to M.R.A.P. 5 certifying that a substantial basis existed for a difference of opinion on the issue of venue. BMH appealed the trial court's denial of transfer of venue to this Court. Dr. Clark filed a joinder in BMH's brief and adopted the grounds stated by BMH. This Court granted the petition for interlocutory appeal.

## FACTS

¶3. On September 9, 2003, Bailey filed a medical malpractice case against BMH and Dr. Clark in the Circuit Court of Quitman County. Bailey's complaint alleges that Dr. Clark performed a bilateral partial hemilaminectomy and microdicectomy on Bailey at the BMH in Southaven, DeSoto County. As a result of Dr. Clark's alleged negligence and deviation from the acceptable standard of care, Bailey contends that he suffered physical damages, emotional distress, pain and suffering, disfigurement and is now wheelchair bound. Bailey also contends that BMH negligently failed to supervise, monitor and assist Bailey following his surgery resulting in his falling to the hospital floor on two occasions.

## DISCUSSION

¶4. This Court applies an abuse of discretion standard on a motion to change venue. *Wayne Gen. Hosp. v. Hayes*, 868 So.2d 997, 1002 (Miss. 2004) (citing *Guice v. Miss. Life Ins. Co.*,

836 So.2d 756, 758 (Miss. 2003)). This Court will not disturb a trial judge's ruling on appeal "unless it clearly appears that there has been an abuse of discretion or that the discretion has not been justly and properly exercised under the circumstances of the case." *Id*. (quoting *Guice*, 836 So. 2d at 758).

¶5. On appeal, Bailey argues that the trial court did not err in denying the defendants' motion to transfer venue to DeSoto County. Bailey contends that at the time the lawsuit was filed against BMH and Dr. Clark the "good for one good for all" rule in *Senatobia Community Hosp. v. Orr*, 607 So.2d 1224 (Miss. 1992), was the law in Mississippi.[1] Bailey cites *Orr* as holding that "the plaintiff's county of residence was proper venue where a non-resident defendant doctor was sued, together with a resident defendant medical facility where the alleged negligent act occurred." In *Orr*, we held:

> [I]f one of the defendants is a nonresident of the State, the plaintiff may bring suit against the nonresident in the county of plaintiff's residence. Jurisdiction and venue of that nonresident defendant makes the county of plaintiff's residence the proper venue against all resident defendants, even though they may live in different counties.

*Orr*, 607 So.2d at 1226, *overruled by Capital City Ins. Co. v. G. B. "Boots" Smith Corp.*, 889 So.2d 505, 517 (Miss. 2004).

¶6. At the time Bailey's complaint was filed, the general venue statute, Miss. Code Ann. § 11-11-3, provided:

---

[1] In *Orr*, plaintiffs who lived in Tunica County filed a wrongful death malpractice case against a hospital and doctors in the Tunica County Circuit Court. The cause of action accrued in Tate County. All of the defendants resided in Tate County. At the time that the suit was filed, one of the doctors had moved to Louisiana and was therefore a non-resident citizen of Mississippi. The circuit court denied the defendants' motion for change in venue to Tate County.

> Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the **defendant resides** or in the county where the **alleged act or omission occurred** or where the event that caused the injury occurred. Civil actions against a **nonresident may also** be commenced in the county where the Plaintiff resides or is domiciled.

Miss. Code Ann. § 11-11-3, as amended by Laws 2002, 3rd Ex.Sess., Ch. 4, §1, effective January 1, 2003.[2] (emphasis added).

¶7. BMH and Dr. Clark correctly argue that this Court overruled *Orr* and its progeny in *Capital City Ins. Co. v. G.B. "Boots" Smith Corp.*, 889 So.2d 505 (Miss. 2004), in which this Court addressed a similar situation involving use of the mandatory "shall" and the permissive "may" language in the venue statutes. They contend that based on our holding in *Capital City Ins. Co.* where at least one defendant is domiciled in Mississippi there is no basis for retaining venue in the plaintiff's county of residency as in this case.

¶8. In the case sub judice, BMH is a Mississippi corporation with its principal place of business in DeSoto County, Mississippi. Dr. Clark is a resident citizen of Shelby County, Tennessee. Bailey is a resident citizen of Quitman County, Mississippi. The alleged negligence by Dr. Clark and BMH occurred in DeSoto County, Mississippi. The complaint was filed in the Circuit Court of Quitman County.

---

[2] Miss. Code Ann. § 11-11-3, as amended, Laws 2002, 3rd Ex.Sess., Ch. 2, § 1, eff. January 1, 2003, was repealed by Laws 2002, 3rd Ex.Sess., Ch. 4, § 1, eff. January 1, 2003, within the same special session. Miss. Code Ann. § 11-11-3, as amended, Laws 2002, 3rd Ex.Sess., Ch. 2, § 1, eff. January 1, 2003, which was repealed, established a provision that venue for actions against certain heath care providers shall be the county where the alleged act or omission occurred.

¶9.     As in *Capital City Ins. Co.*, the issue here centers on the mandatory "shall" language in Miss. Code Ann. § 11-11-3.[3]  The venue statutes which control this case were never designed to remove a resident defendant's right to be sued in his or her own county of residence. Moreover, the Legislature never intended an interpretation of the venue statutes that would allow a resident defendant to be sued in the plaintiff's county of residence simply because a non-resident defendant, be it an individual or a corporation is joined in the same suit.   The reasoning and logic in *Capital City Ins. Co.* control the case sub judice.

¶10.    In *Capital City Ins. Co.*, we stated:

> We find that the statutes have been wrongly interpreted under rules of statutory construction to allow this situation. The general venue statute, section 11-11-3 is mandatory: "Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant or any of them may be found or in the county where the cause of action may occur or accrue ...." Miss.Code Ann. § 11-11-3. By contrast, the insurance company venue statute is permissive: "Actions against insurance companies ... may be brought in any county in which a loss may occur...." Miss.Code Ann. § 11-11-7. Thus, where there is a resident defendant, the general venue statute "shall" apply; and where there is no resident defendant, the insurance company venue statute offers the plaintiff other options.
>
> **The additional option of suing in the plaintiff's home county is not available to a plaintiff when a resident defendant is sued.**  This logical conclusion has the effect of ranking the general venue statute above the other venue statutes in circumstances where more than one may apply. *Cf.* ***Missouri Pac. R.R. v. Tircuit***, 554 So.2d 878, 881 (Miss.1989) ("But because the railroad venue statute [Miss.Code Ann. § 11-11-5] employs the permissive 'may' and because the general venue statute provides that, 'except where otherwise provided,' actions 'shall' be commenced in one of the counties authorized, we have no authority to ignore the latter."). In ***Orr*** this Court incorrectly presumed that there was no ranking of the statutes and thus did not discuss the possibility.

---

[3]  Although not applicable here, the general venue statute has been further revised effective September 1, 2004. Miss. Code Ann. §  11-11-3.

5

We find today that the reasoning in *Orr* is flawed; and therefore, it is overruled.

889 So.2d at 516-17 (emphasis added).

¶11.    Bailey also states that when the lawsuit was filed in September 4, 2003, M.R.C.P. 82 (c) authorized venue in the county of the plaintiff's residency, Quitman County.  In *Capital City Ins. Co.*, the Court also briefly addressed whether M.R.C.P. 82(c) authorized venue in the plaintiff's county of residence when a resident defendant is a party to the suit.  This Court held:

> The argument that Rule 82(c) was never intended to allow this situation is even more convincing. The Comment to Rule 82(c), prior to the recent changes, stated that the rule "tracks prior Mississippi law" in situations where several defendants are involved, providing that the action may be brought in any court where any one of the claims could have been brought and that venue would be good as to all defendants. The comment then referenced supporting law for this contention, which included Miss.Code Ann. § 11-11-3 and two cases: *Gillard v. Great Southern Mortgage & Loan Corp.*, 354 So.2d 794 (Miss.1978) and *Wofford v. Cities Service Oil Co.*, 236 So.2d 743 (Miss.1970). Each of these supporting authorities concerns the situation in which multiple resident defendants are joined in a single suit. None concerns the situation where a resident and a non-resident defendant (individual, corporation, or insurance company) are joined in the same trial. **Thus, Rule 82(c) does not support a plaintiff establishing venue in his own county of residence when a resident defendant is a party to the suit.** We, thus, overrule any contrary language in *McDonald*, *American Bankers, Travis*, and *Boston,* which are in conflict with this opinion.

889 So. 2d at 517 (emphasis added).

¶12.    Here, defendant BMH is a Mississippi corporation with its principal place of business in DeSoto County.  Bailey was treated at BMH in DeSoto County when he received the alleged negligent care and treatment from BMH and Dr. Clark.  In this case, venue is proper in DeSoto County.  Thus, the circuit court abused its discretion in denying a change of venue from Quitman County to DeSoto County.

6

**CONCLUSION**

¶13. For the foregoing reasons, we reverse the judgment of the trial court denying the motion to transfer venue to DeSoto County and remand this case to the Quitman County Circuit Court with directions that it transfer venue in this case to the Circuit Court of DeSoto County consistent with this opinion.

¶14. **REVERSED AND REMANDED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. GRAVES, J., DISSENTS WITHOUT SEPARATE OPINION. DIAZ, J., NOT PARTICIPATING.**