# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-IA-01610-SCT

*AMERICAN FAMILY LIFE ASSURANCE OF COLUMBUS*

*v.*

*VIRGIL ELLISON*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/28/2007 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | SMITH COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | SCOTT TIMOTHY ELLZEY |
| | JAMES GRADY WYLY, III |
| | MICHAEL FRANKLIN HELD |
| ATTORNEY FOR APPELLEE: | EUGENE COURSEY TULLOS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 02/19/2009 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC**.

## DICKINSON, JUSTICE, FOR THE COURT:

¶1.    In this venue case, the question presented is whether the trial court abused its discretion when it denied the defendant's motion to transfer venue to Rankin County. Because we conclude that venue is proper only in Rankin County, we reverse.

## FACTS AND PROCEDURAL HISTORY

¶2.    On October 10, 2003, American Family Life Assurance of Columbus (AFLAC) agents Richard and Anita Atkinson issued a life insurance policy to Henry Myers, whose son, Virgil Ellison, was the named beneficiary under the policy. Myers died on October 13, 2003, and Ellison filed a claim with AFLAC for the insurance benefits. In a letter dated January 28,

2004, AFLAC refused the claim, stating "we must decline this claim and rescind this policy." Ellison filed a complaint in the Circuit Court of Smith County against AFLAC; Richard and Anita Atkinson, individually; and Richard and Anita Atkinson d/b/a AFLAC/Anita Atkinson; alleging that all "breached their duty of fair dealing and good faith owed to [Ellison] in failing to pay the full benefits to which he is entitled . . . ."

¶3.     AFLAC filed its answer and asserted improper venue as one of its affirmative defenses.  Thereafter, Richard and Anita Atkinson filed separate answers.

¶4.     AFLAC filed a "Rule 82(d) Motion to Transfer," arguing that Ellison's complaint "fail[ed] to establish that any alleged substantial acts or omissions or any alleged events that caused [Ellison's] alleged injuries occurred in Smith County, Mississippi so as to provide venue in this [c]ourt."  AFLAC claimed venue was proper in Rankin County pursuant to Mississippi Code Annotated Section 11-11-3, because that was where its codefendants resided and had their principal place of business.

¶5.     Ellison filed a brief in response to AFLAC's motion to transfer venue, arguing that venue was proper in Smith County under Mississippi Code Annotated Section 11-11-3, because his cause of action occurred or accrued in Smith County.  AFLAC responded to Ellison's brief by reiterating its previous arguments.

¶6.     In denying AFLAC's motion to transfer, the circuit judge stated:

My reasons for reaching that conclusion are as follows, to-wit:

1.      According to the complaint, the plaintiff is a resident of Smith County, Mississippi;

2.      Proceeds from the life insurance policy alleged in the complaint were payable to the plaintiff in Smith County; and

2

3. Failure to pay was a substantial omission and gave rise to this cause of action, thus satisfying paragraph (1)(a)(i) of Section 11-11-3.

Thereafter, the circuit court entered its official order denying AFLAC's motion for change of venue. AFLAC filed a petition for interlocutory appeal, which this Court granted.

¶7. AFLAC claims the trial court erred in denying its motion to transfer venue. Specifically, AFLAC claims that venue is not proper in Smith County, as "(1) all resident [d]efendants reside or have their principal place of business in Rankin County, and (2) no alleged substantial acts, omissions or events that caused claimed injury occurred in Smith County."

**ANALYSIS**

¶8. This Court will not disturb a trial court's ruling regarding venue "unless it clearly appears that there has been an abuse of discretion or that the discretion has not been justly and properly exercised under the circumstances of the case." *Hedgepeth v. Johnson*, 975 So. 2d 235, 237 (Miss. 2008) (quoting *Hayes v. Entergy Miss., Inc.*, 871 So. 2d 743, 746 (Miss. 2004)).

¶9. Mississippi Code Annotated, Section 11-11-3(1)(a)(i) states:

Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant[1] resides, or, if a corporation, in the county of its principal place of business, or in the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred.

---

[1]The term "the defendant" also extends to and embraces the plural. *See* Miss. Code Ann. § 1-3-33 (Rev. 2005).

Miss. Code Ann. § 11-11-3(1)(a)(i) (Rev. 2004). Thus, according to the plain language of the statute, Ellison may set venue in either: (1) the county where the defendant resides; (2) the county of a corporation's principal place of business; or (3) the county "where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred."

¶10. It is undisputed that the Atkinsons (who are defendants) reside in Rankin County, and that AFLAC's principal place of business is outside Mississippi. Thus, pursuant to the plain language of the statute, the action must be commenced in Rankin County, unless Ellison can show that a "substantial act or omission" or a "substantial event causing the injury" occurred in Smith County. However, in searching the record for activity which occurred in Smith County, we find only that Ellison was in Smith County when he was informed of the denial of insurance benefits. We previously have held that simply experiencing the effects of an act or omission in a county is insufficient to establish venue. *See **Med. Assurance Co. v. Myers***, 956 So. 2d 213 (Miss. 2007) ("receipt of information in [the plaintiff-insured's county of residence] is a passive function of his presence there and is not a substantial event causing the damages he claims"). Therefore, according to the plain language of section 11-11-3(1)(a)(i), venue is proper only in Rankin County.

¶11. In addressing the concerns raised by our learned colleagues in the dissent, we agree that the Atkinsons failed to raise the defense of improper venue and, thus, waived it. We do not agree, however, that the defense belongs exclusively to the Atkinsons, nor do we agree that their waiver acted to completely *remove them from the action* as far as determining proper venue for the case. Although we have not squarely faced this question before, the

4

Oklahoma Supreme Court has, and it framed the issue well, stating: "The fact that one of several defendants submits to the jurisdiction of the court *does not change the venue of the cause of action*. It is merely a waiver of that defendant's *personal* right to demand a trial of the case in the county where the venue is fixed by statute." ***City of Cleveland v. Cheatham***, 285 P.2d 205, 207 (Okla. 1955) (emphasis added).

¶12. Thus, the dissent's decision to analyze this case under paragraph (b) is incorrect, as the venue of the "cause of action" is proper in Rankin County under paragraph (a). We disagree with the dissent's claim that our holding "renders the Atkinsons' waiver ineffectual," as they did effectively waive their *personal* right to require a transfer of venue to Rankin County.

¶13. Finally, the dissent incorrectly reads Mississippi Rule of Civil Procedure 12(h)(1) as conferring an exclusive right on a particular defendant to assert a defense, and that one defendant may waive the defense on behalf of all defendants. Nothing in the rule or our jurisprudence suggests such an interesting interpretation.

## CONCLUSION

¶14. For the reasons stated above, we reverse the trial court's denial of AFLAC's motion to transfer venue and remand this case to the trial court with instructions to transfer it to the Circuit Court of Rankin County.

¶15. **REVERSED AND REMANDED**.

**WALLER, C.J., CARLSON, P.J., LAMAR AND PIERCE, JJ., CONCUR. GRAVES, P.J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION. RANDOLPH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS AND CHANDLER,JJ.**

5

**GRAVES, PRESIDING JUSTICE, SPECIALLY CONCURRING:**

¶16.   Today the majority reaches a conclusion that is consistent with Mississippi Code Section 11-11-3 and this Court's prior interpretations of that statute. However, because the majority's decision fails to address the relevant legal precedent, I must specially concur. Since the venue statute was amended relatively recently, there are only a few cases from this Court regarding its interpretation. Most pertinent to today's decision are this Court's decisions in *Baptist Memorial Hospital-DeSoto, Inc. v. Bailey*, 919 So. 2d 1 (Miss. 2005), and *Medical Assurance Company v. Myers*, 956 So. 2d 213 (Miss. 2007). The majority cites *Myers* once and ignores *Bailey* entirely despite the fact that *Bailey* and *Myers* require that we reach the result reached by the majority today. Although we are bound by these prior decisions, I disagree with the legal analyses and outcomes in both those cases.

¶17.   In *Bailey*, the plaintiff sued the defendants (a corporation and an individual doctor) for medical malpractice in Quitman County. *Bailey*, 919 So. 2d at 1. The defendants sought to transfer venue to DeSoto County. *Id.* The individual defendant resided in Tennessee, and the corporate defendant had its principal place of business in DeSoto County. *Id.* at 2. The alleged malpractice also occurred in DeSoto County. *Id.* The plaintiff, however, resided in Quitman County. *Id.* at 1-2. The plaintiff asserted that because the individual defendant in the case was a nonresident, the venue statute[2] allowed the plaintiff to sue in his county of residence. This Court rejected that argument and concluded that because the corporate defendant's principal place of business was located in DeSoto County, Mississippi, the

---

[2] At the time, the venue statute included similar, but not identical, language to that in the current version of Mississippi Code 11-11-3(1)(a)-(b). *See Bailey*, 919 So. 2d at 3.

6

plaintiff could not bring suit in his county of residence. *Id.* at 4. This Court stated that "the Legislature never intended an interpretation of the venue statutes that would allow a resident defendant to be sued in the plaintiff's county of residence simply because a non-resident defendant, be it an individual or a corporation[,] is joined in the same suit." *Id.* at 3. The Court further stated that "[t]he reasoning and logic in *Capital City Ins[urance] Co[mpany]* control the case sub judice." *Id.* (citing *Capital City Ins. Co. v. G.B. "Boots" Smith Corp.*, 889 So. 2d 505 (Miss. 2004)). The Court then quoted *Capital City Insurance Company*: "The additional option of suing in the plaintiff's home county is not available to a plaintiff when a resident defendant is sued." *Bailey*, 919 So. 2d at 4 (quoting *Capital City Ins. Co.*, 889 So. 2d at 516-17). Therefore, this Court concluded that venue was proper in DeSoto County and not in Quitman County. *Bailey*, 919 So. 2d at 4.

¶18.    In *Myers*, the plaintiff, Dr. Ronald V. Myers, sued the defendant insurance company in Holmes County, alleging that it had wrongfully refused to renew the insurance policy covering Dr. Myers' medical clinics. *Myers*, 956 So. 2d at 214. The defendant moved to transfer the case to Madison County, which was the location of the defendant's principal place of business. *Id.* at 215, 217. Holmes County was the county 1) in which Dr. Myers completed his insurance application, 2) from which he paid an insurance premium under his policy, 3) from which he communicated with the defendant about his insurance policy, 4) in which he received the denial letter, and 5) in which one of his insured clinics was located. *Id.* at 218. This Court held that under Mississippi Code Section 11-11-3, venue was proper in Madison County, and not in Holmes County. *Id.* at 220. This Court reasoned that although the plaintiff "experienced being uninsured in Holmes County . . . this could be the

7

*result* of substantial acts, omissions, or injury-causing events which occurred in Madison County alone." ***Id.*** at 219. Thus, this Court held that venue was only proper in Madison County and was, therefore, improper in Holmes County. ***Id.*** at 220.

**Table 1**

| Case | Counties Involved | Mississippi Supreme Court's Ruling |
| --- | --- | --- |
| ***Bailey*** | Quitman and DeSoto | Venue Proper in DeSoto County |
| ***Myers*** | Holmes and Madison | Venue Proper in Madison County |

¶19. This Court held in ***Bailey*** that a plaintiff may not bring suit in his or her county of residence when one of the defendants is domiciled in Mississippi, despite the involvement of a nonresident defendant. ***Bailey***, 919 So. 2d at 3. This Court held in ***Myers*** that merely experiencing the effects of a substantial act, omission, or event that occurred in a different county is insufficient to establish proper venue. ***Myers***, 956 So. 2d at 219. On the basis of these two cases and the plain language of Mississippi Code Section 11-11-3, this case should be transferred to Rankin County. The analyses and outcomes in ***Bailey*** and ***Myers*** reflect a strict and unyielding interpretation of the language in Section 11-11-3. Although I do not agree that this Court properly and fairly applied the venue statute in ***Bailey*** and ***Myers***, *stare decisis* requires that we reverse the trial court's denial of AFLAC's motion to transfer venue. Therefore, I specially concur.

**RANDOLPH, JUSTICE, DISSENTING:**

¶20.    The "Answer and Affirmative Defenses" of in-state defendants Richard and Anita Atkinson unquestionably failed to assert the defense of improper venue.[3]  *See* Miss. R. Civ. P. 12(b)(3).  In failing to do so, the Atkinsons waived said defense.  *See* Miss. R. Civ. P. 12(h)(1).  The Atkinsons' failure to contest venue would not foreclose AFLAC from asserting its separate defense of improper venue; however, in determining the efficacy of AFLAC's motion, the Court's analysis of Mississippi Code Annotated Section 11-11-3(1) should not be restricted to subsection (1)(a).  In short, in examining the propriety of the improper venue defense, the Court should consider the venue rights of the complaining defendant(s).  To hold otherwise erroneously renders the Atkinsons' waiver ineffectual, in contravention of Mississippi Rule of Civil Procedure 12(h)(1).  *See **Stevens v. Lake***, 615 So. 2d 1177, 1183 (Miss. 1993) ("statutes which conflict with rules adopted by the Court are void") (citations omitted).  As the Atkinsons' waiver negates the applicability of Mississippi Code Annotated Section 11-11-3(1)(a) in the case *sub judice*, I disagree with my learned colleague's analysis that the circuit court abused its discretion in denying AFLAC's motion to transfer venue and respectfully dissent.

¶21.    Mississippi Rule of Civil Procedure 12(b) states, in pertinent part, that:

> [e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, *shall* be asserted in the *responsive pleading thereto* if one is required, *except that the following defenses may at the option of the pleader be made by motion*:
>
> (1) Lack of jurisdiction over the subject matter,

---

[3]However, both included the Mississippi Rule of Civil Procedure 12(b)(6) defense of "[f]ailure to state a claim upon which relief can be granted . . . ."  Miss. R. Civ. P. 12(b)(6).

(2) Lack of jurisdiction over the person,

(3) *Improper venue*,

(4) Insufficiency of process,

(5) Insufficiency of service of process,

(6) Failure to state a claim upon which relief can be granted,

(7) Failure to join a party under Rule 19.

Miss. R. Civ. P. 12(b) (emphasis added). Mississippi Rule of Civil Procedure 12(g) adds that:

> [i]f a party makes a motion under this rule *but omits therefrom any defense or objection then available* to him which this rule permits to be raised by motion, *he shall not thereafter make a motion based on the defense or objection so omitted*, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

Miss. R. Civ. P. 12(g) (emphasis added). Furthermore, Mississippi Rule of Civil Procedure 12(h)(1) states:

> [a] defense of lack of jurisdiction over the person, *improper venue*, insufficiency of process, or insufficiency of service of process is *waived* (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by a motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

Miss. R. Civ. P. 12(h)(1) (emphasis added). *See also* Miss. R. Civ. P. 12(h)(1) cmt. ("[a] party who by motion invites the court to pass upon a threshold defense should bring forward all the specified defenses he then has and thus allow the court to do a reasonably complete job. The waiver reinforces the policy of Rule 12(g) forbidding successive motions.").

10

Accordingly, under Mississippi Rule of Civil Procedure 12, Richard and Anita Atkinson waived their defense of improper venue.[4]

¶22.    This Court has stated that "the Legislature never intended an interpretation of the venue statutes that would allow a resident defendant to be sued in the plaintiff's county of residence simply because a non-resident defendant, be it an individual or a corporation[,] is joined in the same suit." ***Baptist Mem'l Hosp.-DeSoto Inc. v. Bailey***, 919 So. 2d 1, 3 (Miss. 2005). However, in ***Bailey***, the in-state defendant (Baptist Memorial) filed a motion to transfer venue, which was then joined by the out-of-state defendant (Dr. Winston Craig Clark). *See id*. at 1-2. Likewise, in the subsequent decisions of ***Medical Assurance Company of Mississippi v. Myers***, 956 So. 2d 213 (Miss. 2007), ***Adams v. Baptist Memorial Hospital-DeSoto, Inc.***, 965 So. 2d 652 (Miss. 2007),[5] and ***Hedgepeth v. Johnson***, 975 So. 2d 235, 237 (Miss. 2008), the individual defendant or multiple defendants each sought transfer of venue. By contrast, in the case *sub judice*, the motion to transfer venue was filed *only* by the out-of-state defendant (AFLAC) and was never joined by the in-state defendants (Richard and Anita Atkinson).[6] Without question, Richard and Anita Atkinson, had they timely and properly pursued their rights by asserting the defense, were entitled to transfer

---

[4]In fact, it was not until August 16, 2007, more than *ten months* after Ellison's complaint was filed in Smith County, that either Richard or Anita Atkinson made any assertion regarding venue. When they did, it was merely by joining AFLAC's rebuttal brief.

[5]***Adams*** is further distinguished insofar as it involved a medical malpractice claim, thereby implicating Mississippi Code Annotated Section 11-11-3(3). This Court determined that subsection was clear and, therefore, "[r]egardless of Goldstrike's joinder as a defendant, the only proper venue for a suit against medical providers is the county in which the alleged act or omission occurred." *Adams*, 965 So. 2d at 656.

[6]Other than joining the rebuttal brief filed by AFLAC. *See* footnote 2 *supra*.

11

venue. However, their failure to seek this relief constitutes waiver as to them. *See* ¶ 21 *supra*.

¶23. AFLAC asserted that it was entitled to a change of venue, because its co-defendants were entitled to a change of venue. Undoubtedly, as provided in ***City of Cleveland v. Cheatham***, 285 P. 2d 205 (Okla. 1955), relied upon by the majority, "each defendant had a right to object, that right being personal to the respective defendants." ***Id***. at 207. However, in ***Cheatham***, the City prevailed on its *independent right* to change venue pursuant to 12 O.S.1951 § 133, not on the independent right of its waiving co-defendant.[7] A codefendant such as AFLAC can no more avail itself of Richard and Anita Atkinson's waived defense of improper venue than they could any other defense under Mississippi Rule of Civil Procedure 12(b).[8] Given Richard and Anita Atkinson's waiver of the improper-venue defense, the Court's analysis of Mississippi Code Annotated Section 11-11-3(1) should focus on the complaining defendant, AFLAC. This is not a new rule, but rather the application of Mississippi Rule of Civil Procedure 12(h)(1) regarding the waiver of improper venue in a multiple-defendant context. The waiver of improper venue by one defendant does not constitute a waiver as to all defendants. *See **Gardner v. Int'l Harvester Co.***, 499 N.E.2d 430,

---

[7]12 Oklahoma Statute Section 133 states, in pertinent part, that "[a]ctions for the following causes must be brought in the county where the cause, or some part thereof arose: . . . [a]n action against a public officer for an act done by him in virtue, or under color, of his office, or for neglect of his official duties." 12 O.S.1951 § 133. Therefore, the residence of the waiving codefendant is of no consequence under said statute. Rather, the legal standing of the codefendant as a "public officer" acting "in virtue, or under color, of his office" alone necessitates venue "in the county where the cause, or some part thereof arose . . . ." *Id.*

[8]Likewise, a defendant may not avail itself of a codefendant's waived motion for time, answer, or affirmative defenses, for that matter. *See* Miss. R. Civ. P. 6-8.

12

431 (Ill. 1986) ("waiver of improper venue by one defendant does not necessarily bind other defendants."); *Cheatham*, 285 P. 2d at 207.[9]  However, on a *case-by-case basis*, this Court should examine the propriety of venue under Mississippi Code Annotated Section 11-11-3(1) as it relates to the *complaining defendant(s)*, in accord with Mississippi Rule of Civil Procedure 12.  *See Stevens*, 615 So. 2d at 1183 ("statutes which conflict with rules adopted by the Court are void.").

¶24.    While the circuit court's stated reasons for denying the motion to transfer may or may not be accurate,[10] its ultimate disposition is proper.  *See Cucos, Inc v. McDaniel*, 938 So. 2d 238, 247 (Miss. 2006) (quoting *Accredited Sur. & Cas. Co. v. Bolles*, 535 So. 2d 56, 60 (Miss. 1988)) ("[i]t is well established in our jurisprudence that the right result reached for the wrong reason will not be disturbed on appeal.").  Given the Atkinsons' waiver of the improper-venue defense; that AFLAC's principal place of business is in Georgia; and the otherwise limited record,[11] the Court should look to Mississippi Code Annotated Section 11-11-3(1)(b) for application of the proper rule.  When "venue in a civil action against a nonresident defendant cannot be asserted under paragraph (a) . . . , a civil action against a nonresident *may* be commenced in the county where the plaintiff *resides* or is domiciled."  Miss. Code Ann. § 11-11-3(1)(b) (Rev. 2005) (emphasis added).  By permitting venue in the county where Ellison resided, I cannot conclude that the circuit court's denial of AFLAC's

---

[9]*Gardner* did not discuss whether venue rights vested in the waiving defendants are otherwise proper for the non-waiving defendants.

[10]*See* Majority Opinion at ¶ 6.

[11]*See* Majority Opinion at ¶ 10.

"Rule 82(d) Motion to Transfer" was an abuse of discretion. *See **Hedgepeth***, 975 So. 2d at 237. Therefore, I respectfully dissent.

    **KITCHENS AND CHANDLER, JJ. JOIN THIS OPINION.**