GRAVES, Presiding Justice,
Specially Concurring.
¶ 16. Today the majority reaches a conclusion that is consistent with Mississippi Code Section 11-11-3 and this Court’s pri- or interpretations of that statute. However, because the majority’s decision fails to address the relevant legal precedent, I must specially concur. Since the venue statute was amended relatively recently, there are only a few cases from this Court regarding its interpretation. Most pertinent to today’s decision are this Court’s decisions in Baptist Memorial Hospital-DeSoto, Inc. v. Bailey, 919 So.2d 1 (Miss.2005), and Medical Assurance Company v. Myers, 956 So.2d 213 (Miss.2007). The majority cites Myers once and ignores Bailey entirely despite the fact that Bailey and Myers require that we reach the result reached by the majority today. Although we are bound by these prior decisions, I disagree with the legal analyses and outcomes in both those cases.
¶ 17. In Bailey, the plaintiff sued the defendants (a corporation and an individual doctor) for medical malpractice in Quitman County. Bailey, 919 So.2d at 1. The defendants sought to transfer venue to DeSoto County. Id. The individual defendant resided in Tennessee, and the corporate defendant had its principal place of business in DeSoto County. Id. at 2. The alleged malpractice also occurred in DeSo-to County. Id. The plaintiff, however, resided in Quitman County. Id. at 1-2. The plaintiff asserted that because the individual defendant in the case was a nonresident, the venue statute[2] allowed the plaintiff to sue in his county of residence. This Court rejected that argument and concluded that because the corporate defendant’s principal place of business was located in DeSoto County, Mississippi, the plaintiff *1053 could not bring suit in his county of residence. Id. at 4. This Court stated that “the Legislature never intended an interpretation of the venue statutes that would allow a resident defendant to be sued in the plaintiffs county of residence simply because a non-resident defendant, be it an individual or a corporation[,] is joined in the same suit.” Id. at 3. The Court further stated that “[t]he reasoning and logic in Capital City Insurance] Co[mpany] control the case sub judice.” Id. (citing Capital City Ins. Co. v. G.B. “Boots" Smith Corp., 889 So.2d 505 (Miss.2004)). The Court then quoted Capital City Insurance Company: “The additional option of suing in the plaintiffs home county is not available to a plaintiff when a resident defendant is sued.” Bailey, 919 So.2d at 4 (quoting Capital City Ins. Co., 889 So.2d at 516-17). Therefore, this Court concluded that venue was proper in DeSoto County and not in Quitman County. Bailey, 919 So.2d at 4.
¶ 18. In Myers, the plaintiff, Dr. Ronald Y. Myers, sued the defendant insurance company in Holmes County, alleging that it had wrongfully refused to renew the insurance policy covering Dr. Myers’ medical clinics. Myers, 956 So.2d at 214. The defendant moved to transfer the case to Madison County, which was the location of the defendant’s principal place of business. Id. at 215, 217. Holmes County was the county 1) in which Dr. Myers completed his insurance application, 2) from which he paid an insurance premium under his policy, 3) from which he communicated with the defendant about his insurance policy, 4) in which he received the denial letter, and 5) in which one of his insured clinics was located. Id. at 218. This Court held that under Mississippi Code Section 11-11-3, venue was proper in Madison County, and not in Holmes County. Id,, at 220. This Court reasoned that although the plaintiff “experienced being uninsured in Holmes County ... this could be the result of substantial acts, omissions, or injury-causing events which occurred in Madison County alone.” Id. at 219. Thus, this Court held that venue was only proper in Madison County and was, therefore, improper in Holmes County. Id. at 220.

Table 1

Case Counties Involved Mississippi Supreme Court’s Ruling
Bailey Quitman and DeSoto Venue Proper in DeSo-lo County
Myers Holmes and Madison Venue Proper in Madison County
¶ 19. This Court held in Bailey that a plaintiff may not bring suit in his or her county of residence when one of the defendants is domiciled in Mississippi, despite the involvement of a nonresident defendant. Bailey, 919 So.2d at 3. This Court held in Myers that merely experiencing the effects of a substantial act, omission, or event that occurred in a different county is insufficient to establish proper venue. Myers, 956 So.2d at 219. On the basis of these two cases and the plain language of Mississippi Code Section 11-11-3, this case should be transferred to Rankin County. The analyses and outcomes in Bailey and Myers reflect a strict and unyielding interpretation of the language in Section 11 — 11— 3. Although I do not agree that this Court properly and fairly applied the venue statute in Bailey and Myers, stare decisis requires that we reverse the trial court’s denial of AFLAC’s motion to transfer venue. Therefore, I specially concur.

. At the time, the venue statute included similar, but not identical, language to that in the current version of Mississippi Code 11 — 11— 3(1 )(a) — (b). See Bailey, 919 So.2d at 3.