RANDOLPH, Justice,
Dissenting.
¶ 20. The “Answer and Affirmative Defenses” of in-state defendants Richard and Aiita Atkinson unquestionably failed to assert the defense of improper venue.[3] See *1054 Miss. R. Civ. P. 12(b)(3). In failing to do so, the Atkinsons waived said defense. See Miss. R. Civ. Pi 12(h)(1). The Atkin-sons’ failure to contest venue would not foreclose AFLAC from asserting its separate defense of improper venue; however, in determining the efficacy of AFLAC’s motion, the Court’s analysis of Mississippi Code Annotated Section 11-11-3(1) should not be restricted to subsection (l)(a). In short, in examining the propriety of the improper venue defense, the Court should consider the venue rights of the complaining defendant(s). To hold otherwise erroneously renders the Atkinsons’ waiver ineffectual, in contravention of Mississippi Rule of Civil Procedure 12(h)(1). See Stevens v. Lake, 615 So.2d 1177, 1183 (Miss.1993) (“statutes which conflict with rules adopted by the Court are void”) (citations omitted). As the Atkinsons’ waiver negates the applicability of Mississippi Code Annotated Section 11 — 11—3(l)(a) in the case sub judice, I disagree with my learned colleague’s analysis that the circuit court abused its discretion in denying AF-LAC’s motion to transfer venue and respectfully dissent.
¶ 21. Mississippi Rule of Civil Procedure 12(b) states, in pertinent part, that:
[e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
(1) Lack of jurisdiction over the subject matter,
(2) Lack of jurisdiction over the person,
(3) Improper venue,
(4) Insufficiency of process,
(5) Insufficiency of service of process,
(6) Failure to state a claim upon which relief can be granted,
(7) Failure to join a party under Rule 19.
Miss. R. Civ. P. 12(b) (emphasis added). Mississippi Rule of Civil Procedure 12(g) adds that:
[i]f a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.
Miss. R. Civ. P. 12(g) (emphasis added). Furthermore, Mississippi Rule of Civil Procedure 12(h)(1) states:
[a] defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by a motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.
Miss. R. Civ. P. 12(h)(1) (emphasis added). See also Miss. R. Civ. P. 12(h)(1) cmt. (“[a] party who by motion invites the court to pass upon a threshold defense should bring forward all the specified defenses he then has and thus allow the court to do a reasonably complete job. The waiver reinforces the policy of Rule 12(g) forbidding successive motions.”). Accordingly, under Mississippi Rule of Civil Procedure 12, Richard and Anita Atkinson waived, their defense of improper venue.[4]
*1055 ¶ 22. This Court has stated that “the Legislature never intended an interpretation of the venue statutes that would allow a resident defendant to be sued in the plaintiffs county of residence simply because a non-resident defendant, be it an individual or a eorporation[,] is joined in the same suit.” Baptist Mem’l Hosp. De-Soto Inc. v. Bailey, 919 So.2d 1, 3 (Miss.2005). However, in Bailey, the instate defendant (Baptist Memorial) filed a motion to transfer venue, which was then joined by the out-of-state defendant (Dr. Winston Craig Clark). See id. at 1-2. Likewise, in the subsequent decisions of Medical Assurance Company of Mississippi v. Myers, 956 So.2d 213 (Miss.2007), Adams v. Baptist Memorial Hospital-Desato, Inc., 965 So.2d 652 (Miss.2007),[5] and Hedgepeth v. Johnson, 975 So.2d 235, 237 (Miss.2008), the individual defendant or multiple defendants each sought transfer of venue. By contrast, in the case sub judice, the motion to transfer venue was filed only by the out-of-state defendant (AFLAC) and was never joined by the instate defendants (Richard and Anita Atkinson).[6] Without question, Richard and Anita Atkinson, had they timely and properly pursued their rights by asserting the defense, were entitled to transfer venue. However, their failure to seek this relief constitutes waiver as to them. See ¶21 supra.
¶ 23. AFLAC asserted that it was entitled to a change of venue,, because its co-defendants were entitled to a change of venue. Undoubtedly, as provided in City of Cleveland v. Cheatham, 285 P.2d 205 (Okla.1955), relied upon by the majority, “each defendant had a right to object, that right being personal to the respective defendants.” Id. at 207. However, in Cheat-ham, the City prevailed on its independent right to change venue pursuant to 12 O.S. 1951 § 133, not on the independent right of its waiving co-defendant.[7] A codefen-dant such as AFLAC can no more avail itself of Richard and Anita Atkinson’s waived defense of improper venue than they could any other defense under Mississippi Rule of Civil Procedure 12(b).[8] Given Richard and Anita Atkinson’s waiver of the improper-venue defense, the Court’s analysis of Mississippi Code Annotated Section 11-11-3(1) should focus on the complaining defendant, AFLAC. This is not a new rule, but rather the application of Mississippi Rule of Civil Procedure 12(h)(1) regarding the waiver of improper *1056 venue in a multiple-defendant context. The waiver of improper venue by one defendant does not constitute a waiver as to all defendants. See Gardner v. Int’l Harvester Co., 113 Ill.2d 535, 101 Ill.Dec. 842, 499 N.E.2d 430, 431 (1986) (“waiver of improper venue by one defendant does not necessarily bind other defendants.”); Cheatham, 285 P.2d at 207.[9] However, on a case-by-case basis, this Court should examine the propriety of venue under Mississippi Code Annotated Section 11-11-3(1) as it relates to the com,'plaining defendants), in accord with Mississippi Rule of Civil Procedure 12. See Stevens, 615 So.2d at 1183 (“statutes which conflict with rules adopted by the Court are void.”).
¶ 24. While the circuit court’s stated reasons for denying the motion to transfer may or may not be accurate,[10] its ultimate disposition is proper. See Cucos, Inc. v. McDaniel, 938 So.2d 238, 247 (Miss.2006) (quoting Accredited, Sur. & Cas. Co. v. Bolles, 535 So.2d 56, 60 (Miss.1988)) (“[i]t is well established in our jurisprudence that the right result reached for the wrong reason will not be disturbed on appeal.”). Given the Atkinsons’ waiver of the improper-venue defense; that AFLAC’s principal place of business is in Georgia; and the otherwise limited record,[11] the Court should look to Mississippi Code Annotated Section 11 — 11—3(l)(b) for application of the proper rule. WTien “venue in a civil action against a nonresident defendant cannot be asserted under paragraph (a) ..., a civil action against a nonresident may be commenced in the county where the plaintiff resides or is domiciled.” Miss.Code Ann. § 11 — 11—3(l)(b) (Rev.2005) (emphasis added). By permitting venue in the county where Ellison resided, I cannot conclude that the circuit court’s denial of AFLAC’s “Rule 82(d) Motion to Transfer” was an abuse of discretion. See Hedgepeth, 975 So.2d at 237. Therefore, I respectfully dissent.
KITCHENS AND CHANDLER, JJ., JOIN THIS OPINION.

. However, both included the Mississippi Rule of Civil Procedure 12(b)(6) defense of *1054 "[f]ailure to state a claim upon which relief can be granted_" Miss. R. Civ. P. 12(b)(6).

. In fact, it was not until August 16, 2007, more than ten months after Ellison's com *1055 plaint was filed in Smith County, that either Richard or Anita Atkinson made any assertion regarding venue. When they did, it was merely by joining AFLAC’s rebuttal brief.

. Adams is further distinguished insofar as it involved a medical malpractice claim, thereby implicating Mississippi Code Annotated Section 11-11-3(3). This Court determined that subsection was clear and, therefore, "[r]e-gardless of Goldstrike's joinder as a defendant, the only proper venue for a suit against medical providers is the county in which the alleged act or omission occurred.” Adams, 965 So.2d at 656.

. Other than joining the rebuttal brief filed by AFLAC. See footnote 2 supra.

. 12 Oklahoma Statute Section 133 states, in pertinent part, that “[ajctions for the following causes must be brought in the county where the cause, or some part thereof arose: ... [a]n action against a public officer for an act done by him in virtue, or under color, of his office, or for neglect of his official duties.” 12 O.S.1951 § 133. Therefore, the residence of the waiving codefendant is of no consequence under said statute. Rather, the legal standing of the codefendant as a "public officer” acting "in virtue, or under color, of his office” alone necessitates venue "in the county where the cause, or some part thereof arose....” Id.

.Likewise, a defendant may not avail itself of a codefendant’s waived motion for time, answer, or affirmative defenses, for that matter. See Miss. R. Civ. P. 6-8.

.Gardner did not discuss whether venue rights vested in the waiving defendants are otherwise proper for the non-waiving defendants.

. See Majority Opinion at ¶ 6.

. See Majority Opinion at ¶ 10.