GRAVES, Presiding Justice,
Dissenting.
¶ 23. I disagree with the majority’s findings that the car accident occurred in Rankin County and that venue is proper only in Rankin County. As the majority notes, pursuant to Mississippi Code Section ll-ll-3(l)(a)(i),[6] venue is proper in the county where “a substantial event that caused the injury occurred,” and in the instant case, the substantial event that caused the injury is the car accident that occurred in the roundabout at the intersection of International Drive and Old Brandon Road. The defendants do not dispute that the roundabout is part of the Jackson-Evers International Airport. By operation of law, the airport is located in the City of Jackson, which is in Hinds County. Therefore, as the trial court held, venue is proper in Hinds County. Accordingly, I must dissent and would affirm the trial court’s order denying the defendants’ motions to transfer venue to Rankin County.
¶ 24. By operation of law, the airport property is located in the City of Jackson, which is in Hinds County. As noted in the majority opinion and in the paragraph above, the accident occurred in the round *621 about at the intersection of International Drive and Old Brandon Road. The defendants do not dispute that the roundabout is part of the Jackson-Evers International Airport. The Jackson-Evers International Airport is, for all intents and purposes, located in the City of Jackson, which is in Hinds County. This is so because the City of Jackson adopted an ordinance in 1964 that incorporated into the City of Jackson all of the territory comprising the airport. Jackson Mun. Airport Auth. v. Shivers, 206 So.2d 190, 191 (Miss.1968) (“[T]he City of Jackson adopted an ordinance, effective July 1, 1964, incorporating into the city all of the territory comprising the Jackson Municipal Airport [i.e., the Jackson-Evers International Airport] in Rankin County.... [The Airport] is owned exclusively by the City of Jackson.... ”). See also Jackson Mun. Airport Auth. v. State, 196 So .2d 884, 884-85 (Miss.1967) (“The [Jackson Municipal] Airport Authority is a public corporate body and an agency of the City of Jackson.... The Airport Authority purchased land in Rankin County and constructed an airport on it.”). Cf Jackson, Miss., Code of Ordinances §§ 1-2 (1971) (stating in the Rules of Construction and Definitions section under General Provisions that “[t]he words ‘the county’ or ‘this county’ shall mean and refer to Hinds County, Mississippi, and, where applicable, to that part of the city known as the Allan Thompson Airport [i.e., the Jackson-Evers International Airport] which lies in Rankin County”); Id. at § 126-3 (stating in the Definitions section of the Vehicles for Hire Ordinance that “City means and includes all the area within the corporate limits of the City of Jackson, including the Jackson International Airport [i.e., the Jackson-Evers International Airport] and public facilities outside the corporate limits owned and operated by the city”). No qualified electors or other residents of Rankin County reside on any of the property constituting the airport, and all the laws and ordinances of and applicable to the City of Jackson apply to the airport territory. Shivers, 206 So.2d at 191; Jackson Mun. Aitport Auth. v. State, 196 So.2d at 885-86. Thus, the roundabout where the car accident occurred is located in the City of Jackson, and venue is proper in Hinds County.
¶ 25. The fact that a police officer from the Jackson Police Department was dispatched to the scene of the accident is evidence that the airport roundabout is located in the City of Jackson. As is customary when an accident occurs at the Jackson-Evers International Airport, a police officer from the Jackson Police Department, not from the Rankin County Sheriffs Department, was dispatched to investigate. The police officer arrived at the scene seven minutes after the accident occurred. The officer stated in the Uniform Crash Report that the accident occurred at the intersection of Old Brandon Road and International Drive in the City of Jackson. As the trial court correctly stated, “the accident was investigated by the Jackson Police Department and not by Rankin County or any other official, which shows that the venue should be proper in Hinds County.” (Emphasis added.)
¶ 26. Moreover, although the defendants assert to this Court that the accident occurred in Rankin County, Holmes acknowledged at the trial court hearing that the airport roundabout is located in the City of Jackson. Furthermore, Holmes conceded that the traffic citation she received for driving without insurance was properly adjudicated in the Municipal Court of the City of Jackson; in other words, she already once submitted to venue in Hinds County regarding a wrongful act she committed at the airport roundabout.
*622 ¶ 27. Lastly, I am compelled to reiterate my disagreement with this Court’s recent rulings regarding venue, as previously expressed in my special concurrence in American Family Life Assurance of Columbus v. Ellison, 4 So.3d 1049, 1052-53 (Miss.2009) (Graves, P.J., specially concurring). In Ellison, I expressed my disagreement with this Court’s legal analyses and holdings in both Baptist Memorial Hospital-DeSoto, Inc. v. Bailey, 919 So.2d 1 (Miss.2005), and Medical Assurance Company v. Myers, 956 So.2d 213 (Miss.2007). Ellison, 4 So.3d at 1052. Below, I briefly summarize the analyses and holdings of Bailey and Myers, as well those of Ellison, for the sole purpose of illustrating that the instant majority opinion is not the first, but rather one of many opinions in which this Court relies on illegitimate reasons to support unjustified results regarding venue.
¶ 28. In Bailey, the plaintiff, a resident of Quitman County, sued two defendants: a nonresident (i.e., out-of-state) individual defendant and a resident (i.e., in-state) corporate defendant that had its principal place of business in DeSoto County. Bailey, 919 So.2d at 1-2. The plaintiff argued that because one of the defendants — the individual defendant — was a nonresident, the venue statute allowed him to sue in his county of residence. Id: at 2. This Court rejected that argument, reasoning that “the Legislature never intended an interpretation of the venue statutes that would allow a resident defendant to be sued in the plaintiffs county of residence simply because a non-resident defendant, be it an individual or a corporation^] is joined in the same suit.” Id. at 3. The Bailey Court thus found that, because the resident defendant’s principal place of business was located in DeSoto County, venue was proper in DeSoto County and not in Quitman County. Id. at 4.
¶ 29. In Myers, the plaintiff doctor sued the defendant insurance company in Holmes County, alleging that the insurance company wrongfully had refused to renew the insurance policy covering the plaintiffs medical clinics. Myers, 956 So.2d at 214. The defendant’s principal place of business was located in Madison County, but “Holmes County was the county 1) in which [the plaintiff doctor] completed his insurance application, 2) from which he paid an insurance premium under his policy, 3) from which he communicated with the defendant about his insurance policy, 4) in which he received the denial letter, and 5) in which one of his insured clinics was located.” Ellison, 4 So.3d at 1053 (citing Myers, 956 So.2d at 214, 218). This Court reasoned that, although the plaintiff experienced being uninsured in Holmes County, this could be the result of substantial acts, omissions, or injury-causing events that occurred in Madison County alone. Myers, 956 So.2d at 219. Thus, this Court held that under Section ll-ll-3(l)(a)(i), venue was proper only in Madison County (where the defendant’s principal place of business was located) and therefore improper in Holmes County. Id. at 220.
¶ 30. In Ellison, the plaintiff, a resident of Smith County, sued multiple defendants: two insurance agents, both of whom resided in Rankin County, and an insurance company, which had its principal place of business outside of Mississippi. Ellison, 4 So.3d at 1050-51. The plaintiff alleged that the codefendants had breached their duty of good faith and fair dealing in failing to pay him the insurance benefits to which he was entitled. Id. at 1050. The plaintiff argued that venue was proper in Smith County because he was informed of the denial of the insurance benefits in Smith County, and thus his cause of action occurred or accrued in Smith County. Id. This Court reasoned that, pursuant to Sec *623 tion 11 — 11—3(l)(a)(i), unless the plaintiff could show that a “substantial act or omission” or a “substantial event causing the injury” had occurred in Smith County, venue would be proper only in Rankin County, where the resident defendants resided. Id. at 1051. The Court went on to find that the plaintiff’s being informed of the denial of insurance benefits in Smith County was insufficient to establish venue there, and thus venue was proper only in Rankin County. Id.
¶ 31. These three decisions — Bailey, Myers, and Ellison — as well as the majority’s decision in the instant case, are summarized in Table 1 below.
Table 1
Case Counties Involved Mississippi Supreme Court’s Ruling
Bailey Quitman and DeSoto Venue Proper in DeSoto County
Myers Holmes and Madison Venue Proper in Madison County
Ellison Smith and Rankin Venue Proper in Rankin County
Holmes Hinds and Rankin Venue Proper in Rankin County
¶ 32. For the foregoing reasons, I must conclude that the instant case is yet another example of this Court using illegitimate rationale to support unjustified results regarding venue. The airport roundabout where the car accident occurred is not located in Rankin County, but rather in the City of Jackson in Hinds County, and therefore, pursuant to Section 11 — 11— 3(l)(a)(i), venue is proper in Hinds County. Accordingly, I dissent and would affirm the trial court’s order denying the defendants’ motions to transfer venue to Rankin County.

. Mississippi Code Section 11 — 11—3(l)(a)(i) states in full:
Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant resides, or, if a corporation, in the county of its principal place of business, or in the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred.
Miss.Code. Ann. § ll-ll-3(l)(a)(i) (Rev. 2004).